*I. Klingensmith*, for appellant.

*J. W. Nichol* and *L. Jordan*, for appellees.

———————◆———————

### SMITH v. LEWIS.

CONTRACT.—*Entirety.*—A., who was a retail dealer, contracted with B., a wholesale dealer, for a lot of clothing, to be shipped to A., part of which consisted of suits of clothing of a particular kind, quality, and price. Part of the goods

Smith *v.* Lewis.

shipped by B. were not of the kind, quality, and price contracted for. A. refused to accept any portion of the goods, and immediately returned them to B.

*Held*, that the contract of A. was an entire contract for the whole bill of goods, and he was not obliged to accept a part without the whole.

APPEAL from the Clinton Common Pleas.

WORDEN, J.—This was an action by Lewis against Smith, for goods sold and delivered by the plaintiff to the defendant. The bill of particulars accompanying the complaint, after the proper heading, is as follows:

"1011..............2 pants and vests......$5.00.........$10.00
1016..............2 beaver sacks.......... 7.25......... 14.50
1260..............2 cass. p. and vests..... 7.00......... 14.00
1283..............3   "       ...... 8.00......... 24.00
A. & B. 225.......2 overcoats ............. 6.75......... 13.50
1024..............2   "    ............. 7.00......... 14.00
1029..............3   "    ............. 8.00......... 24.00
1242..............3   "    .............11.00......... 33.00
1041, 1125........3   "    .............15.50......... 46.50
                                                    1.35
                                            _____
                                            $194.85"

On issue joined, the cause was tried by the court, who found for the plaintiff, in the sum of one hundred and sixty-two dollars and eighty-five cents, deducting from his bill the two pairs of pants and vests, and the two beaver sacks, constituting the first and second items in the bill of particulars, and also three vests, at two dollars and fifty cents each, a part of the fourth item in the bill. As to the items thus rejected, the court found that the plaintiff have return of them; and judgment was rendered for the plaintiff for the amount found in his favor, and also for the possession of the items thus deducted, as above stated.

The defendant, at the proper time, moved for a new trial, filing reasons which raise the question hereinafter considered; but his motion was overruled, and he excepted.

The facts in the case are, in substance, as follows: The

plaintiff was a wholesale dealer in clothing, at Cincinnati. The defendant was a retail dealer in Michigantown, in Clinton county, Indiana. On the 16th of November, 1870, the agent and salesman of the plaintiff called upon the defendant, at Michigantown, and sold him, or, rather, contracted to sell to him, a bill of goods corresponding with the goods mentioned in the bill of particulars, with the exceptions hereinafter mentioned. The defendant agreed to take the goods at the prices stated, and gave directions to the plaintiff's agent as to the shipping of the goods, and the plaintiff's agent forwarded the order to the plaintiff at Cincinnati. On the 23d of November, the plaintiff forwarded to the defendant the goods specified in the bill of particulars filed with the complaint, accompanied by a bill thereof, and the goods, with the invoice thereof, were duly received by the defendant. The goods ordered by the defendant, and those sent him by the plaintiff, differed, in this: He ordered two suits, including coats, pants, and vests, of the quality marked in the margin of the bill "1011," the numbers on the margin indicating the quality of the goods. These suits were of cloth inferior in quality and price to beaver cloth, and the stipulated price per suit was to have been eleven dollars. The plaintiff not having the coats of the kind and quality ordered, sent the pants and vests, and, in lieu of the coats, sent the beaver sacks, constituting the second item, and at the prices specified in the bill. In a note, appended to the invoice of the goods, the plaintiff explains to the defendant as follows: "Dear Sir:—We have no coats 1011, so we send 1016 beaver instead."

The evidence tends strongly to establish, and the court below seems to have found, that the defendant only ordered three pairs of pants, without vests, of the quality 1283, but vests were sent as well as pants. Otherwise than as above stated, the goods sent corresponded with the order.

The defendant, upon the receipt of the goods, sent them back to the plaintiff by express, writing him that they did not "fill the bill," etc. The goods were promptly returned

Smith *v.* Lewis.

by the plaintiff to the defendant. In a letter from plaintiff to defendant, he says: "We have this day returned the goods to you, and expect you to keep them." The defendant, upon the goods being thus returned to him again, stored them unopened, and held them thus at the time of the trial, subject to the plaintiff's order. Some further correspondence took place between the parties, not necessary to be set out in full.

On the 10th of March, 1871, the defendant wrote to the plaintiff as follows: "Your goods are still in my care, subject to order; they are in the way, and it is getting warmer," etc. The plaintiff replied to this, saying, "We have nothing to do with the goods you bought of us, except to collect the pay for them, and that we will do." Here the correspondence ended, and the plaintiff soon thereafter instituted this suit to enforce the collection.

The question arises, whether, on the facts stated, the action can be maintained. No question is made by counsel for the appellant as to the statute of frauds, and we, of course, make none. But it is insisted for the appellant, that the contract was entire and indivisible, and that the defendant was not bound to receive any part of the goods unless the whole was sent according to his order. We think it very clear that the defendant was not required to take the two "beaver sacks," in the place of the coats or sacks ordered, to make the two entire suits of the quality indicated by the number 1011. It is equally clear that he was not obliged to take the two pairs of pants and the two vests of that quality, without the coats to correspond. It is scarcely necessary to say that he was not obliged to receive the three vests which he did not order.

Was the defendant required to accept the residue of the goods contracted for, without the two suits of the quality indicated by the number 1011? We are of opinion that the contract was entire, and that the defendant was not bound to accept a part of the goods ordered, without the whole of them. The case is much like that of *Bruce* v. *Pearson*, 3 Johns. 534.

There the defendant ordered "six hogsheads of rum; one hogshead sugar; one pipe gin; one pipe brandy; four quarter-chests hyson-skin tea; twenty or forty small boxes pipes, if low; ten barrels of codfish."

The goods sent were "three hogsheads rum; one pipe brandy; two chests tea; one hogshead sugar; and one pipe of gin."

The vessel on which the goods were shipped was cast away, and the goods lost. In a suit by the seller against the purchaser to recover the value of the goods, it was held that he could not recover. The court say: "The defendant wished to have the whole of the goods; a part of them might be of no use; and until he assented to receive a part instead of the whole, he cannot be said to have contracted to pay for a part; and there can be no implied assumpsit to pay, as the goods sent never came to his hands." So, in the case before us, there can be no implied assumpsit, as the defendant, instead of accepting the goods, promptly returned them to the plaintiff as not being in accordance with the order given.

In the case of *Baldey* v. *Parker*, 2 B. & C. 37, the plaintiffs were linen drapers, and the defendant came to their shop and bargained for various articles. A separate price was agreed upon for each, and no one article was of the value of ten pounds; some were measured in his presence; some he marked with a pencil; others he assisted in cutting from a larger bulk. He then desired an account of the whole to be sent to his house, and went away. A bill of parcels was accordingly made out and sent by a shopman. The amount of the goods was seventy pounds. It was held that the contract was entire, and that there was not a separate contract for each article. This was held in reference to the statute of frauds it is true, but we do not see how, on principle, a contract can be held entire for one purpose, and not for all purposes. There is, however, some diversity in the decisions on this question. In 1 Story Con., sec. 24, it is said: "In this diversity of cases, it is difficult to state any rule.

Smith *v.* Lewis.

But on the whole, the weight of opinion and the more reasonable rule would seem to be, that where there is a purchase of different articles, at different prices, at the same time, the contract would be several as to each article, unless the taking of the whole was rendered essential either by the nature of the subject-matter, or by the act of the parties. Where a bill of parcels is taken, and includes the articles bought, under one whole price, it would, if accepted, afford evidence of an intention by both parties to treat the contract as entire. And wherever the failure as to a part would materially defeat the objects of the contract, and would have affected the sale, had such failure been anticipated, the contract would be entire. This rule would found the interpretation of the contract on the intention of the parties, as manifested by their acts, and by the circumstances of the case." See the case of *Casamajor* v. *Strode*, Cooper, temp. Brough. 510.

We conclude that the contract of the defendant was an entire contract for the whole bill of goods ordered by him; and it follows that he was not obliged to accept a part without the whole. He was a retail dealer, and may be supposed to have ordered the entire lot with a view, not only to his stock on hand, but to the probable demand in the place in which he was dealing. Moreover, the contract seems to have been for the whole lot, at the price fixed upon each item, and we cannot, and ought not to, presume that the defendant would have agreed to take a part, without the whole, at the prices stipulated for.

We think that, upon the evidence, in which there was no essential conflict, the finding should have been for the defendant, and hence that the motion for a new trial should have prevailed.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. N. Sims,* for appellant.

*S. H. Doyal,* and *P. W. Gard,* for appellee.