No. 11,818.

BARTLETT ET AL. *v.* JEWETT ET AL.

SALE.—*Contract.—Delivery of Goods to Carrier.—Notice.—Insurance.*—A sale of goods to be shipped by steamboat, with an agreement to notify the buyer of the shipment, and give him "all proper information touching the goods and all matters appertaining thereto," imposes no duty on the seller to insure the goods in transit, nor, on request, after loss, to give information whether such insurance had been obtained.

From the Vanderburgh Circuit Court.

C. *Denby* and D. *B. Kumler,* for appellants.

A. *Iglehart,* J. *E. Iglehart* and E. *Taylor,* for appellees.

ELLIOTT, C. J.—The complaint of the appellees alleges that they sold to the appellants six thousand burlap bags, to be shipped to Evansville; that it was agreed that the bags should be placed on board a steamboat bound for that city; that on the day after the sale four thousand were delivered on a steamboat bound for Evansville; that a bill of lading was issued and was duly transmitted to the appellants by mail. The answer admits the sale, but affirms that appellants are not liable for the four thousand bags shipped by river, and avers that the goods were ordered verbally at Evansville, to be sent from Cincinnati, Ohio; that, without the consent or knowledge of the appellants, the bags were shipped on the steamboat James D. Parker; that the boat sank before the bill of lading had been received; that as part of the consideration agreed to be paid for the goods, the appellees agreed that they would notify the appellants of their shipment and "would convey to them all proper information touching the goods and all matters appertaining thereto;" that as soon as the appellants learned that the boat had sunk, they wrote to the appellees a letter containing, among other statements, the following: "Suppose of course you insured the shipment; please answer;" that the appellees received

the letter on the 7th day of March, 1882; that they negligently failed to answer it and did not inform appellants that the goods were not insured until four months had elapsed; " that the appellants held an open policy in an insurance company under which they could have insured the goods 'lost or not lost' and at any time during the current month the goods could have been insured by entering them on the policy; that appellants did not insure for the reason that they believed the appellees had insured them at Cincinnati. It is also alleged that the appellants would have received $310 if the goods had been insured. The answer is pleaded as a counter-claim, and the question for our consideration is as to its sufficiency.

In the absence of a special contract, the seller of goods is not bound to insure, nor to impart any information upon the subject of insurance. The obligation imposed upon a seller by the contract of sale is, at most, to place the goods in the hands of the carrier, receive and transmit a proper bill of lading. As a general rule the delivery to the carrier is a full discharge of the duties of the seller, from that time the goods are, for most purposes, considered as having passed into the ownership and possession of the buyer, but there are cases in which information of the shipment should be given. Benjamin Sales, 4th Am. ed., sections 528 and 1041, *vide* auth. n.

It is no doubt true that a seller may by special contract bind himself to furnish specified information, but in this case we can not perceive that there was any promise to furnish any definite information. All that can be inferred from the averments of the answer is, that the appellees agreed to furnish information concerning the goods and their shipment, and as it appears that this information was given, there is no breach of contract shown. It is impossible to infer that the appellees agreed to insure, or to give information upon that subject, for there are no facts stated justifying any inference of the kind.

The contract of sale did not, as we have seen, impose any obligation upon the appellees to insure the goods, and if any obligation rested upon them, it must have been created by the letter of the appellants and the failure of the appellees to answer it. If there had been no agreement to impart information, the case would be perfectly clear, for it is obvious that no obligation could be created by a letter written by the buyers after the consummation of the sale by the delivery of the goods to the carrier. The solution of the question depends upon the force to be attached to the averment that the appellees agreed to give "all proper information touching said goods, and all matters appertaining thereto." It must be remembered that the complaint avers that the contract of sale was, that the sellers would deliver the goods on board a steamboat at Cincinnati, and as this allegation is not controverted it stands confessed, so that, according to the pleadings, the contract was performed when the goods were delivered to the carrier except in so far as the special stipulation bound the appellees to give information to the buyers. The question is really one of construction. The language of the answer, if strictly construed, would confine the duty of the appellees to give information solely to the goods and matters directly connected with them, it certainly can not be construed as extending to the subject of insurance, and it is indeed very doubtful whether it can properly be construed as extending to matters connected with the shipment. Of the clause in the answer stating that the appellees agreed to notify the appellants of the shipment, it is sufficient to say that it appears from the undenied statements of the complaint, as well as from the allegations of the answer itself, that notice of the shipment was given.

Judgment affirmed.

Filed Nov. 12, 1884.