No. 13,555.

RECHTIN v. McGARY ET AL.

SALE.—*Delivery on Board Cars.*—*Vesting of Title.*—*Execution.*—Where one contracts to furnish materials of a certain quality to another, and to deliver them on board the cars consigned to the latter, who is a contractor for a county building, and who agrees to pay for the materials so agreed to be supplied if they are accepted by the board of commissioners and the architect, and materials are shipped in pursuance of the contract to the place of destination, where they are levied on in partial satisfaction of an execution against the consignee, the consignor, if he takes possession of the property while still subject to the levy, and disposes of it for his own benefit, is liable to the sheriff for its value, it being presumed, as against him, that the materials were of the kind which he had contracted to furnish, and title having vested in the consignee upon the delivery on board the cars as agreed.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*J. E. McCullough* and *J. H. Miller*, for appellees.

OLDS, J.—This case was submitted on an agreed statement of facts in accordance with section 553, R. S. 1881. The facts are as follows:

One Joseph G. Miller, under a contract with the board of commissioners of Gibson county, was furnishing material and erecting a new court-house in the town of Princeton, Gibson county. On the 19th of June, 1885, while Miller was engaged in building the court-house, Rechtin entered into a contract with Miller by which he was to furnish Miller certain wood materials to complete the inside wood-work of the court-house. By the terms of this contract, Rechtin was to deliver the materials on board the cars at the city of Evansville, Indiana, and to furnish good materials, according to the plans and specifications of the architect of the building. In payment for the materials, Rechtin was to receive $6,850,

to be paid when they were received by the architect and board of commissioners of Gibson county, the materials to be furnished by Rechtin fit to be put in place, but to be put in place in the building by Miller. Under this contract, Rechtin delivered on board the cars at the city of Evansville, Indiana, certain material to be used in the construction of the court-house, marked the same and consigned it to J. G. Miller, Princeton, Indiana; that, on the 29th day of September, 1885, while the material was on the cars at Princeton, the appellee McGary, as sheriff of Gibson county, levied an execution which he held in favor of appellees Mossman & Mossman against Miller for $175; and Rechtin afterwards, and before the material was released from the lien and levy of said execution, took possession of the material and disposed of the same for his own use and benefit, and without the knowledge or consent of the appellees; that the material is of the value of $75, and in the event the court should find that Miller was the owner of the material at the time of the levy, and the material was subject to the levy, judgment should go for $75 in favor of Hugh D. McGary, and if the court found to the contrary, judgment should go in favor of appellant.

The court below made a finding in favor of Hugh D. McGary for $75, and rendered judgment in his favor against Rechtin for said amount.

Exceptions were taken to the finding and judgment, and errors are properly assigned.

The question presented to this court is whether the agreed statement of facts shows a cause of action in favor of McGary, in whose favor the judgment was rendered.

This depends upon when the title to the property levied upon passed from Rechtin to Miller by the terms of their agreement. It was agreed between them that the materials to be furnished were to be delivered by Rechtin to Miller on board the cars in the city of Evansville. The agreed statement of facts shows that the property levied upon by McGary, as the

property of Miller, was delivered on board the cars at the city of Evansville, and marked " J. G. Miller, Princeton, Indiana," and had been conveyed by the railroad company to the town of Princeton, Gibson county, and there levied upon; but it is contended by counsel for the appellant that as it was agreed by Rechtin to " furnish materials of good materials and workmanship " according to the plans and specifications of the architect, which were to be paid for as fast as delivered and received by the architect and board of commissioners, and further agreed that the materials should be satisfactory to the architect and board of commissioners as fulfilling the plans and specifications, the title did not pass until they had been accepted by the architect and board of commissioners ; and further, that, the agreement being that the materials should in fact be in accordance with the plans and specifications, and the agreed statement of facts not stating that the materials were in fact in accordance with the specifications, Rechtin could not maintain an action against Miller for their value at the time the levy was made ; hence the title had not passed, and they were not subject to be levied upon as the property of Miller.   Counsel are correct in their theory that Rechtin could not maintain an action for the value of such materials at the time they were levied upon, for the reason that payment was not to be made until the materials were delivered and received by the architect and board of commissioners ; and if an action could be maintained before they had been so received by the architect and board of commissioners, it would be necessary to aver and prove that the materials were in fact in accordance with the plans and specifications.   We think that a different question from the one arising in this case ; it is not whether Rechtin could maintain a suit for the value, but whether the title had passed at the time of the levy.

By the agreement between Miller and Rechtin, Rechtin was to furnish goods of a certain kind and quality ; he was to make the selection and deliver them to Miller at a certain

specified place.    He made the selection of the goods in question and delivered them at the place named in fulfilment of his contract ; he had no further act to do in connection with these specific goods, and if they were in fact such materials as his contract called for, the architect and board of commissioners would be bound to receive them, for, if they complied with the plans and specifications, it was all they could ask or demand, and the presumption would be that they would receive and accept them.

It does not appear from the statement of facts that Miller, the architect, or the board of commissioners ever objected or refused to accept the materials or made any claim that they were not such as called for by the specifications, or that the materials are not in fact such as Rechtin contracted to furnish; and Rechtin having furnished and put them on the cars in pursuance, and in fulfilment, of his contract, in the absence of any showing to the contrary it will be presumed as against him that they were such materials as he contracted to furnish ; and the placing of such materials on the cars at Evansville constituted a delivery of the goods by Rechtin to Miller and the title to the property immediately vested in Miller, and it was liable to be levied upon to satisfy an execution against Miller.    See 1 Benjamin Sales, pp. 443, 446, 463, section 512 ; *Bartlett* v. *Jewett*, 98 Ind. 206 ; *Scudder* v. *Bradbury*, 106 Mass. 422 (13 Am. Law Reg. 462) ; *Cloud* v. *Moorman*, 18 Ind. 40 ; *Krulder* v. *Ellison*, 47 N. Y. 36.

There was no error in the finding and judgment of the court below.

The judgment is affirmed, with costs.

Filed Jan. 26, 1889.