Gavin, J.
The appellants sued appellee upon an accepted draft. The appellee set up by way of answer that the sole consideration for the acceptance was a car load of bananas ordered by it from appellants by telegraph, *90 to be shipped from New Orleans, where appellants lived, to Fort Wayne, where appellee did business in November, 1892; that appellants negligently, and carelessly packed the fruit in a common box car instead of in a refrigerator car, as was usual and customary, whereby they became frozen in transit, and were rendered worthless, without any fault upon appellee’s part, which facts were unknown to appellee at the time of the acceptance. It is further set forth that the contract was for goods worth more than $50, and was therefore unenforceable.
The appellants filed a reply which is substantially a specific denial of the answer, in which they assert that the fruit was shipped upon telegraphic orders setting them out, which constituted a valid and enforceable contract, was placed in a refrigerator car, duly consigned to appellee at Fort Wayne, Indiana, and was therefore delivered to appellee at New Orleans on board the car, and was thereafter at its risk.
The trial by a jury resulted in a general verdict for defendant, the appellee, together with various answers to numerous interrogatories.
Appellants claim first, that they were entitled to judgment on the answers to interrogatories, notwithstanding the general verdict; second, that their motion for new trial should have been sustained.
In discussing the first assignment of error, counsel argue that the only issue presented by the answer is the statute of frauds. With this contention we do not agree. On the contrary, the answer, as we view it, puts in issue the negligence of appellant in carelessly packing the fruit in a common box car instead of in a refrigerator car. It is evident also that the court upon the trial so construed it.
The counsel for appellants says: "The jury find that all the essential elements of a contract in writing exist *91 in the telegrams; that the goods were sent in conformity to the order accepting appellants’ offer; that appellee received them; that appellants mailed to appellee a bill of lading for said car about the time of shipment; that the draft or bill of exchange sued on was accepted by appellee in settlement for said bananas; that the same was for $407, and that it is due and unpaid, and that the appellee kept and disposed of the car load of bananas. It seems that all the essential facts are found-to entitle appellants to a judment.” It may be conceded without deciding that this construction of the answers to interrogatories is correct, and if there was no issue as to appellants negligence, the result claimed by counsel, would then follow.
There is, however, nothing in the above that would overthrow in any degree the general verdict in favor of the defendant upon the question of negligence. On the other hand the answers to interrogatories, when all are examined, show conclusively that the general verdict was based upon appellants’ negligence.
The following interrogatories and answers bear upon this proposition:
“7th. Were said bananas not delivered on board a refrigerator car on the 5th day of November, 1892, in good condition, properly consigned to the defendants at Fort Wayne, Ind.? Answer. No.
“8th. Did not said car load of bananas arrive at Fort Wayne, Ind., properly consigned to the defendant, on the 10th day of November, 1892, in a refrigerator car? Answer. No.
“21st. Did not said plaintiffs exercise proper care by shipping said bananas in a refrigerator car? Answer. No.”
In response to interrogatories propounded by appellants they further found:
*92 “2. Was not the car load of bananas for which the said draft was drawn chilled and frozen by the cold and rendered worthless while in transit from New Orleans to Fort Wayne? Answer. Yes.
“3. Was not the said car load of bananas shipped in a common car, such as used in summer time, and not packed or protected in any way from the cold? Answer. Yes.
"“4. Could not the plaintiffs, by properly packing and protecting said bananas from the cold, and shipping them in a refrigerator car, have prevented them from being frozen or chilled? Answer. Yes.”
It is further found that appellees did not know, and could not have learned, of the condition of the bananas at the time they took them from the car, nor did they know their condition when they accepted the draft.
Since the goods were of no value whatever, appellee lost no rights by its failure to return them. Higham v. Harris, 108 Ind. 246; Citizens’ Bank v. Leonhart, 126 Ind. 206; Baldwin v. Marsh, 6 Ind. App. 533; Regensburg v. Notestine, 2 Ind. App. 97.
There was no error in overruling appellants’ motion for judgment.
By the motion for new trial, the rulings upon instructions and the sufficiency of the evidence are presented.
Instruction No. 1, asked by appellants, was to the effect that if there was a valid contract for the purchase of the bananas to be shipped to appellee by rail, and appellants, in pursuance thereof, delivered them on board a car at New Orleans, consigned to appéllee at Fort Wayne, Ind., this completed the sale, and they were then subject to its (defendant’s) “risk on account of loss or damage from any cause.”
We can not concur in this statement of the law. In our judgment it was the duty of appellants, in any event, *93 when delivering the goods for shipment by a common carrier, to use reasonable diligence and care to see that the goods were safely packed in proper manner to insure a safe carriage, and the risks of appellants’ negligence in this regard were not imposed upon appellee by the mere delivery of the goods to the carrier.
Counsel seem to claim, in argument, as in this instruction, that all that was required of appellants was to deliver the goods to the carrier. In support of this position he relies upon the language of the court in Bartlett v. Jewett, 98 Ind. 206, wherein it is said: "As a general rule, the delivery to the carrier is a full discharge of the duties of the seller.” Also, "The obligation imposed upon a seller by the contract of sale is, at most, to place the goods in the hands of the carrier, receive and transmit a proper bill of lading.”
The language there used must- be construed with reference to the case in hand, which involved simply the duty of the vendor to insure the goods in transit and furnish information concerning the same.
If a vendor is to ship a set of dishes to his vendee, it requires no argument to establish that his duty would not be performed by putting them in a box without any packing to prevent breakage, and then deliver them to a carrier.
In Benj. on Sales (4th Am. ed., Corbin), section 528, the law is thus declared: "The delivery to the carrier must be with ordinary care, to secure safe carriage and delivery to the buyer.”
In Tiedeman on Sales, section 95, it is said: "But in making delivery to a common carrier, the vendor must take every precaution to insure a safe delivery to the buyer.”
Both authority and the plainest principles of jus *94 tice and fair business dealing require that the vendor should do more than deliver the articles to the carrier.
It was held, as early as Clarke v. Hutchins, 14 East, 475, that it was the duty of the vendor to take the usual and ordinary precautions to insure the goods a safe conveyance.
The second instruction asked proceeds upon the hypothesis that the goods were shipped in a refrigerator car and directs the jury as to the law in that event among others.
By the answers to interrogatories, the jury found that the goods were not thus shipped. Since an integral fact upon which the instruction was based is thus shown to have been without foundation in fact, no harm could have resulted to appellant from the refusal.
We think counsel in error in construing the third instruction given to exclude all other questions than the one there referred to. The court evidently simply deals with one fact in the case and its result, leaving the effect of the other controverted facts to be determined by the jury, aided by other instructions.
Several instructions to which objection is urged relate to the validity and binding force of the alleged contract of purchase and sale. We do not regard it as necessary for us to enter into a consideration of these questions, for the reason that, as claimed by counsel for appellant, the jury evidently and plainly found against appellee upon that proposition. This being true, appellants could not, by any possibility, have been injured by the instructions on that subject, even if erroneous, because it is clear that the jury was not misled thereby. Woolery, Admr., v. Louisville, etc., R. W. Co., 107 Ind. 381; Elliott’s App. Proced., section 642, p. 571.
The objection presented to the fifth instruction is not *95 tenable, since, as we have already held, no return is necessary where the goods are of no value.
Filed Nov. 15, 1894.
We find no harmful error' in the instructions given by the court of its own volition, when 'considered in the light of the verdict of the jury. Counsel claim that they purport to cover all the phases of the case and to sum up all the evidence, but fail to do so. After a careful examination we do not understand them to purport to cover all phases of the case or to attempt to sum up the evidence. This objection is, therefore, not well taken.
While an examination of the evidence indicates that the decided preponderance is with the appellants, still there is evidence, either direct or circumstantial, which fairly sustains the verdict upon the theory of appellants’ negligence in packing and shipping the goods in the manner in which it was done.
Judgment affirmed.