Filed September 17, 1895.

---

No. 1,599.

COATES & SONS, LIMITED, *v.* HUFFINE.

CONTRACT.—*Order for Goods.—Delivery of Less Amount than Ordered.—Acceptance.*—Where a person orders a certain quantity of goods, he is not bound to accept a less quantity.

SAME.—*Order for Goods.—Delivery.—Amount of Goods.—Evidence.* —Where the evidence on the one hand shows that the goods were shipped in the quantity and sizes ordered, and on the other that they were short upon arrival, or at least when opened, it was in the province of the jury to determine whether in fact the goods had been shipped in the quantity ordered.

SAME.—*Acceptance.—Question of Fact.*—The question of acceptance of a less quantity of goods than ordered is a question of fact for the jury under the facts and circumstances.

Coates & Sons, Limited, *v.* Huffine.

INSTRUCTION TO JURY.—*Instruction Asked Modified by Court.—Sale of Goods.—Acceptance.*—Where the vendor, in an action on contract of sale, requested the court to instruct the jury that if the vendee accepted any portion of the goods by paying the freight and taking them out of the freight office and into his possession by directing what should be done with them, he thereby waived any defect as to the number and quantity of the goods, and was liable for that portion accepted by him, the court properly modified the instruction by adding to the condition the further one that if the vendee exercised acts of ownership over the goods, he would be liable for them.

From the Clinton Circuit Court.

*J. W. Strawn* and *J. P. Gray*, for appellant.

*O. E. Brumbaugh* and *J. Combs*, for appellee.

REINHARD, C. J.—The appellant sued the appellee to recover the price of 5,000 Patent Helix Needle Cards, at three cents per card, amounting to $150.00. The complaint is in three paragraphs, the first declaring on an open account, the second on a written order for the goods, and the third on a written contract, consisting of a soliciting letter sent by the appellant to the appellee, and an alleged written acceptance of the same sent to the appellant by the appellee. The appellee answered the general denial. The cause was twice tried before a jury, each trial resulting in a verdict for the appellee, the defendant below. The first verdict was set aside on appellant's motion. The refusal of the court to grant the appellant a second new trial constitutes the only error assigned and relied upon. The appellant urges the insufficiency of the evidence to sustain the verdict. The evidence shows, without material conflict, that in response to a circular letter inclosing a blank order, the appellee filled out and sent to the appellant, by mail, such order, of which the following is a copy:

"AUGUST 21, 1893.

"J. A. COATES & SONS, LIMITED,
    "Department A,
        "Needle Manufacturers,
            "New York City:

"Please put up for us, and ship by the cheapest way, 5 M. Patent Helix Needle Cards, with our advertisement printed in space below the goods for that purpose, on each card, in the following sizes:

"Sharp, $\frac{1}{5}$, $\frac{1}{6}$, 7, $\frac{1}{7-6}$, $\frac{1}{8-9}$, $\frac{1}{8-10}$, Betweens, $\frac{3}{8-9}$.

"Please write advertisement in this space:

| |
|---|
| **W. A. HUFFINE,** <br> Dealer in <br> DRY GOODS, GROCERIES, BOOTS, SHOES, <br> HARDWARE, ETC. <br> KIRKLIN,    -    -    INDIANA. |

"TERMS:—Three days from date of bill; 10 per cent. ten days.

(Signature of firm)    "W. A. HUFFINE,
            (Town)    "Kirklin,
                (State)    "Indiana."

Appellant on receipt of the order shipped a consignment of goods, such as were ordered, by way of Merchants Dispatch Transportation Company, on September 6, 1893, addressed to W. A. Huffine, Kirklin, Indiana, and sent to appellee, by mail, a bill for 5,000 Patent Helix Needle Cards, at three cents per card, which was received by appellee in due course of mail. On the same day as the receipt of the bill Huffine wrote a letter to appellant, of which the following is a copy:

"KIRKLIN, IND., September 11, 1893.
"MESSRS. J. A. COATES & SON:

"GENTLEMEN—Your bill for needles received to-day,

and I see that some one has made a terrible mistake. I can never use 5,000 papers in the world. My intention was to order 5 M. needles, forty papers in an M. and the order would amount to $6.00. For heaven's sake do not send me 5,000 papers, as I am here in a small place and can never dispose of them or pay for them. Please do not send them. If it is my mistake I will pay you for your trouble and let you keep them.

"Yours, etc.,

[Signed]                    "W. A. HUFFINE."

Four or five days after writing and sending this letter Huffine received notice that the goods were at the depot at Kirklin, but he did not take them out or receive them for any purpose until some time after the commencement of this action, and after the first trial, when he paid the freight and had the goods taken to a private warehouse, for the sole purpose, as he says, of examining them to ascertain whether the packages contained the full number of needle cards contained in the order, to-wit, 5,000. Upon examination it was found that the packages contained forty-six cards less than 5,000.

The railroad agent at Kirklin testified that the boxes containing the goods marked from J. A. Coates & Sons to W. A. Huffine, Kirklin, Indiana, arrived at Kirklin on September 14, 1893, and that he promptly notified Huffine of their arrival on the same day; that the boxes remained at the depot till June 21, 1894, at which time they were delivered to Huffine; that so far as he knew the goods remained in the freight house all the time they were in the railroad company's care, but were not under his constant observation, and that he could not say that they were in the same condition when taken away as when they arrived.

A number of witnesses testified on behalf of appellant that the exact number of cards called for in the order

(5,000) was shipped in the consignment to Huffine by being placed in boxes and delivered to the Merchant's Despatch Transportation Company, which was the cheapest and best route for such shipment.   The evidence shows that the needle cases were packed in a number of paper boxes, each of which was wrapped with cord, and these were packed in two wooden boxes, which were addressed to Huffine; that the wooden boxes did not bear any marks of having been opened or tampered with when taken from the depot, but that one of the paper boxes within one of the wooden ones was open and its contents were scattered among the other paper boxes, which were all securely closed and wrapped.

It is the contention of appellee's counsel that, conceding that appellee contracted for the goods as claimed by the appellant, the contract was an entirety, and that appellee was not bound to accept a smaller or other quantity of goods than that called for by the order, and that if appellant relies upon the contract it must prove that it performed the whole of it by shipping to the appellee the exact quantity ordered by him.   *Smith* v. *Lewis*, 40 Ind. 98; *Hausman* v. *Nye*, 62 Ind. 485.

We regard the rule to be as contended for by appellee if appellant relied upon the express contract.   The evidence on the one hand to the effect that the goods were shipped in the quantities and sizes ordered, and the evidence on the other hand that they were short upon arrival, or at least when opened, made it a case peculiarly within the province of the jury to determine whether in fact the goods had been shipped by the appellant in the quantity ordered by the appellee.   It is true that the placing of the goods on board the cars in New York was all the appellant was required to do. This was a complete delivery to the appellee and vested the title of the property in him.   *Rechtin* v. *McGary*,

117 Ind. 132; *Sohn* v. *Jervis*, 101 Ind. 578; *Bartlett* v. *Jewett*, 98 Ind. 206. That the goods were short forty-six cards when the boxes were opened, and that the latter did not have the appearance of having been tampered with, were circumstances the jury had a right to consider in determining whether the full quantity of the goods ordered had been shipped. The jury having determined that question in favor of the appellee, and that determination having received the approval of the trial court, we cannot disturb the verdict or judgment on that ground.

Of course if the appellee accepted any portion of the goods he is liable for them, and appellant could have recovered for the same under the issues joined. But we cannot say as a matter of law that the taking of the goods, under the circumstances shown, was or was not an acceptance of the same. This was likewise a question for the jury, and their verdict for the defendant was a finding that it was not such an acceptance.

One of the instructions requested by the appellant informed the jury that if the appellee accepted any portion of the goods by paying the freight and taking them out of the freight office and into his possession by directing what should be done with them, he thereby waived any defect as to the number and quantity, and was liable for that portion of the goods so accepted by him. The court modified this instruction by adding to the condition the further one that if appellee exercised acts of ownership over such goods, he would be liable for them. We find nothing improper in this modification. Whether the acts of the appellee were or were not acts of ownership over the goods, was for the jury to determine. Another instruction was similarly modified and for similar reasons the ruling must be upheld.

Many other reasons are presented in the motion for a new trial, but the foregoing are the only ones discussed in appellant's brief, and are, consequently, all the appellants are entitled to have considered.

Judgment affirmed.

Filed September 25, 1895.