## KILMER ET AL. *v.* MONEYWEIGHT SCALE COMPANY.

[No. 5,484.   Filed November 28, 1905.]

1. EVIDENCE.—*Judicial Notice.*—*"F. O. B."*—Courts take judicial notice that "f. o. b." means delivered "free on board" the car or other conveyance.   p. 571.

2. SALES. — *Delivery.* — *Carriers.* — Where defendants ordered from plaintiff in writing a computing scale to be shipped to them "f. o. b.," addressed to them, and plaintiff delivered such scale to a common carrier, properly addressed, such delivery constituted a delivery to defendants.   p. 571.

3. SAME. — *Executory Contracts of.* — *Breach.* — *Retention of Legal Title.*—*Effect.*—Where defendants, in writing, ordered from plaintiff a computing scale, such plaintiff to retain title until paid for, and such plaintiff delivered such scale according to contract, plaintiff is entitled to recover the full contract price, such retention of title being for plaintiff's exclusive benefit, and payment of the price extinguishing plaintiff's claim of title.   p. 571.

4. SAME.—*Contracts.*—*Consideration.*—Where plaintiff contracts to sell defendants a computing scale, title to remain in plaintiff until paid for, and defendants to have the possession and use of same during time of payment, there is a consideration for the promise to pay the agreed price.   p. 572.

5. PLEADING.—*Complaint.*—*Sales.*—*Executory Contracts of.*— *Breach.*—A complaint alleging that plaintiff delivered goods to defendants upon their written order for same, the title thereto to remain in plaintiff until paid for; that defendants refused to receive same and refused to pay the stipulated price therefor, and demanding the contract price, is good.   p. 572.

6. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—Where appellants in their brief fail to set out literally or substantially the motion for a new trial whose overruling is questioned, no question is presented.   p. 572.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by the Moneyweight Scale Company against George W. Kilmer and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*W. S. Marshall, Gus. S. Condo* and *John H. Brubaker,* for appellants.

*H. B. Shively, F. O. Switzer* and *St. John & Charles,* for appellee.

BLACK, P. J.—The appellee sued the appellants to recover the price of certain scales, the complaint containing three paragraphs based upon three written and printed orders executed by the appellants, each paragraph seeking recovery of the contract price of one of the scales. A demurrer to each paragraph was overruled; and the three paragraphs were so nearly alike, except as to the amounts stated therein, that it will suffice to show the substantial averments of the first paragraph.

After preliminary statements, it was alleged that the appellants, March 4, 1901, executed to the appellee a certain written and printed order and contract, a copy of which was exhibited, whereby the appellee sold to the appellants one Standard market computing scale, described, at and for the price of $70, with an allowance of $15 as a credit indorsed thereon; that by the terms of the order and contract the scale was to be shipped by the appellee f. o. b. Dayton, Ohio, and addressed to the appellants as Kilmer Bros., Warsaw, Indiana, and was to be paid for by the appellants as follows: Ten days after shipment $5 in cash, and $5 per month thereafter until paid in full, the deferred payments to be evidenced by notes without interest; that on or about March 11, 1901, in accordance with the order and contract, the appellee shipped the scale by freight, from Dayton, Ohio, f. o. b. cars at that place, addressed to the appellants by their said firm name, at Warsaw, Indiana, of which shipment the appellee then and there notified the appellants; that in due course of trade and transportation the scale arrived at Warsaw, Indiana, without unnecessary delay, of which appellants were duly notified; that on or about March 21, 1901, the appellee made sight draft on the appellants, through a bank named, at Warsaw, Indiana, for the cash payment, and tendered to the appellants the promissory notes mentioned in the or-

der and contract for their signatures, but they failed and refused to pay the draft and refused to make the cash payment, and refused to sign the notes, and have wholly failed and refused to pay for the scale, or to settle in accordance with the terms of the order and contract, and have wholly failed ·to comply with the terms of said agreement; that the appellee has performed each and all of the stipulations of the contract by it to be performed, and has done everything required of it by the terms of the order and contract; that there is due and unpaid to the appellee from the appellants on the contract the sum of, etc.   Wherefore, etc.

The instrument exhibited with the pleading, having at its head a notice that no scales would be shipped on trial, was in the form of an order addressed to the appellee, signed by the appellants by their firm name.   It contained a request to ship the scale as indicated in the complaint, as soon ·as possible, f. o. b. Dayton, Ohio, addressed as stated in the pleading, with an agreement on the part of the appellants, "on fulfilment of the above," to pay the specified price, $5 cash, and the same amount monthly till paid in full, and provision that ten days after shipment the appellee was to make sight draft for cash payment, with notes for the balance, as pleaded.   It was provided:   "Should there be any failure to pay such draft or execute such notes for deferred payments, or should there be any default in any deferred payments, the full amount of the purchase price shall, and then does, become due and payable, and you or your agent may take possession of and remove said computing scales without legal process, unless an extension of time be granted by said Moneyweight Scale Company; and payments previously made shall be considered as having been made for the use of said computing scales during the time the same remain in my custody.   It is further agreed that the title of said computing scales shall not pass from the Moneyweight Scale Company until same are paid for in full, and shall remain the property of the Money-

weight Scale Company till that time." A guaranty was stated, and it was "agreed that this shall not be countermanded."

It is claimed in effect that the pleading did not show a delivery, and that because of the want of a sufficient averment of delivery and of the fact that the title did not pass, the appellee could not sue on the contract for the contract price, but was restricted to recovery of damages measured by the difference between the agreed price and the market value of the article at the time and place of delivery. We judicially know that "f. o. b." in such connection means "free on board."

1.

The delivery to the carrier, free on board the car, addressed to the appellants as provided for in the contract, with notice of the shipment to the appellants, was in effect a delivery to the appellants. *Bartlett* v. *Jewett* (1884), 98 Ind. 206; *Rechtin* v. *McGary* (1889), 117 Ind. 132; *Rastetter* v. *Reynolds* (1903), 160 Ind. 133; *Dill* v. *Mumford* (1898), 19 Ind. App. 609; *McKee* v. *Bainter* (1897), 52 Neb. 604, 72 N. W. 1044; *Silberman* v. *Clark* (1884), 96 N. Y. 522; *Capehart* v. *Furman Farm, etc., Co.* (1893), 103 Ala. 671, 16 South. 627, 49 Am. St. 60.

2.

The retention of the legal title by the seller could not prevent his recovery by suit of the agreed price according to the terms of the contract of conditional sale. The right to take back the property was a right reserved by the seller for his own benefit to be exercised at his option. The buyers had no right to return the goods or to complain of the seller for not taking them back. The buyers were absolutely bound to pay the purchase price, and upon their failure to pay and execute notes as provided in the contract, upon performance on the part of the appellee, it had the right to sue for the whole price. This is but saying that the appellants were bound by their lawful contract according to its terms.

3.

Upon receipt of full payment, whether by voluntary act of the buyers or through process of law, the seller's right to claim title would end; but whether it may be said properly that by suing for the contract price the seller waived its right thereafter to claim title is a question which need not here be debated; the right to recover the contract price according to the terms of the agreement being unquestionable, whether any claim upon the specific goods would remain to the seller or otherwise. In such a contract of sale —the possession and use to be in the buyer, the title to remain in the seller until full payment— there is a sufficient consideration for the absolute promise to pay the agreed price. As supporting this conclusion, see *Appleton* v. *Norwalk Library Corp.* (1885), 53 Conn. 4, 22 Atl. 681; *Beach's Appeal* (1890), 58 Conn. 464, 20 Atl. 475; *Fuller* v. *Byrne* (1894), 102 Mich. 461, 60 N. W. 980; *Vaughn* v. *Hopson* (1874), 10 Bush (Ky.) 337; *Fleury* v. *Tufts* (1887), 25 Ill. App. 101; *Matthews* v. *Lucia* (1883), 55 Vt. 308; *Child* v. *Allen* (1860), 33 Vt. 476; *Manchester Locomotive Works* v. *Truesdale* (1890), 44 Minn. 115, 46 N. W. 301, 9 L. R. A. 140; *Heller* v. *Elliott* (1882), 44 N. J. L. 467; *Corlies* v. *Gardner* (1829), 2 Hall (N. Y.) 345; *Lanman* v. *McGregor* (1884), 94 Ind. 301; *Smith* v. *Barber* (1899), 153 Ind. 322; *Dowagiac Mfg. Co.* v. *Thurston* (1900), 24 Ind. App. 264; *Turk* v. *Carnahan* (1900), 25 Ind. App. 125, 81 Am. St. 85.

The complaint was sufficient. The overruling of a motion made by the appellants for a new trial is assigned as error; but the appellants have not stated in their brief what reasons were assigned in the motion or any reason so assigned, and their brief does not contain any statement of so much of the record as to present any error in connection with the trial, as required by rule twenty-two of this court.

Judgment affirmed.