DEL CURTO v. BILLINGSLEY. (No. 5352.)

(Court of Civil Appeals of Texas. Austin. May 20, 1914. Rehearing Denied June 17, 1914.)

1. SALES (§ 417*) — CONTRACT — SELLER'S BREACH—BUYER'S ABILITY TO PERFORM.

Where defendant contracted to take $3,000 for fixtures and saloon and restaurant business, with the stock of merchandise and liquors at cost, and it appeared that the merchandise inventoried and was worth from $6,000 to $7,000, plaintiff's proof of ability to pay the $3,000 was insufficient to entitle him to recover for defendant's breach of contract by refusing to convey in the absence of any proof that plaintiff was able, willing, and ready to pay for the merchandise.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. § 417.*]

2. CONTRACTS (§ 171*)—CONSTRUCTION—"ENTIRE CONTRACT."

A contract is said to be entire when by its terms or by its nature or purpose it is contemplated and intended that each and all of the parts and provisions thereof shall be dependent upon each other and not separate and distinct, or when it by its terms, nature, and purpose contemplates and intends that each and all of its parts and material provisions and the consideration are common each to the other and interdependent (citing Words and Phrases, vol. 3, p. 2411).

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. § 171.*]

Appeal from District Court, Travis County; Charles A. Wilcox, Judge.

Action by R. E. Billingsley against O. Del Curto. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed and rendered in part.

Dickens & Dickens, M. H. Goldsmith, and Gregory, Batts & Brooks, all of Austin, for appellant. A. S. Phelps, of Austin, for appellee.

RICE, J. For several years prior to the 20th of September, 1911, the date of the transaction out of which this controversy arose, appellant and his brother Louis were engaged in the saloon business at Austin. On said day they made, executed, and delivered to appellee the following option contract:

"Austin, Texas, Sept. 20, 1911.

"This is to certify that I, O. Del Curto Bros. has this day agreed to take $3,000.00 Dollars for all fixtures and their business at cost—situated at corner Congress Ave. being 302 Cong. Ave. and restaurant included in Austin Texas and all apertenances thereto with stock of Mds. and lickors at actual cost Dollar for Dollar.

"O. Del Curto and Bros.

"Witness: Jos. Mayer."

And it was shown in connection therewith that, notwithstanding they had so proposed to sell their said business, fixtures, and stock of merchandise, consisting of liquors, cigars, etc., to appellee, yet they thereafter declined to convey same to him, and he brought this suit to recover $10 earnest money paid by him to appellants, as well as for $8,000 damages for breach of said contract,

alleging that he was able, ready, and willing to comply with his part thereof.

Each of the Del Curtos answered separately, and appellant, after a general denial, defended on the ground: First. That he did not execute said contract as written, claiming that the words "all fixtures" had been inserted therein without his knowledge and consent, for which reason said contract was void and not enforceable against him. Second. That appellee did not offer to comply therewith until after the expiration of ten days, the time within which it was agreed it was to be performed. Third. That appellee was never at any time able, ready, and willing to perform his portion of said contract, in that he was not at any time able to pay the purchase price, and never offered to do so. Fourth. He pleaded tender of said $10, which had been paid as earnest money.

The case, having been dismissed as to Louis Del Curto, proceeded against appellant alone. There was a jury trial, the case being submitted on special issues, and a verdict was returned in behalf of plaintiff for said $10 so paid into the registry of the court, as well as for $500 damages, and judgment accordingly.

[1] While numerous errors have been assigned, in the view we take of the case it is only necessary to consider the fourth, wherein it is urged that the judgment is erroneous in that the verdict finding that plaintiff was ready, able, and willing to carry out said contract is not supported by the evidence, in that it wholly fails to show that plaintiff was at the time of the making of said contract, or at any time thereafter, ever able to pay for such merchandise, and that as the contract was indivisible, if plaintiff has failed to perform any part of his portion of said contract, then he is not entitled to recover. We agree with this contention. At the time of the transaction, it appears that plaintiff possessed but little money or property, admitting that he was unable to perform said contract unless he could borrow the money with which to make the payments. The evidence does show, however, that after great effort he finally succeeded in perfecting an arrangement with one Berkley by which he obtained the sum of $3,000, which it seems was tendered to Louis Del Curto in part payment, who declined to accept it on the ground that he had nothing to do with the transaction, referring him to his brother. Notwithstanding the evidence clearly shows that the stock of merchandise inventoried and was worth from $6,000 to $7,000, there is a total want of evidence showing or tending to show that appellee possessed sufficient money with which to pay therefor, or that he was ever able to perfect any arrangement whatever whereby he could raise said sum.

[2] The contract sued upon was an entire and indivisible one, and, before appellee was entitled to sue for breach thereof, he must show his offer to comply with all of its requirements. A failure in any particular would defeat his right of action. A contract is said to be entire when by its terms, or by its nature or purpose, it is contemplated and intended that each and all of the parts and provisions thereof shall be dependent upon each other and not separate and distinct. See Words and Phrases, vol. 3, p. 2411. It is also said that:

"A contract may be said to be 'entire' when by its terms, nature, and purpose it contemplates and intends that each and all of its parts and material provisions and consideration are common each to the other and interdependent." Id. 2411.

In Broumel v. Rayner, 68 Md. 50, 11 Atl. 834, it is said:

"Whether a contract must be sued on as an entirety, or is divisible, and can become the foundation of separate suits, for the infraction of independent stipulations, depends on its terms; and, in order to arrive at a correct construction, due regard must be had to the intention of the contracting parties, as revealed by the language which they have employed and the subject-matter to which it has reference."

See, also, Smith v. Lewis, 40 Ind. 98; Pope v. Porter, 102 N. Y. 366, 7 N. E. 304.

"If the promise is entire or indivisible and is not independent, as heretofore explained, its entire performance is, as a rule, a condition concurrent or precedent to the liabilty of the other party to perform." 9 Cyc. pp. 648, 649, and note 94, with authorities collected.

From the above authorities, it is evident that the contract in the instant case was entire and indivisible, and that, before appellant could be legally required to perform his part of the contract, it must appear that plaintiff was ready, able, and willing to perform his portion thereof, which was not only to pay or offer to pay the $3,000, but to pay for the stock of merchandise as well. Being unable to comply in this particular, he was in no attitude to demand performance on the part of appellant. See Davis v. Yates, 1 White & W. Civ. Cas. Ct. App. p. 106, § 265, wherein it is said:

"Before a party is entitled to recover damages for breach of a contract, he must show that he has complied or offered to comply with his part of the contract."

See, also, Brown v. Binz, 50 S. W. 483, wherein it is said, as shown by the syllabus, that:

"A party suing for breach of contract must show that he would have performed all conditions precedent to its execution, had not the right to perform them been repudiated."

Believing, as we do, that the evidence shows an absolute want of ability on the part of appellee to comply with that portion of the contract which required him to pay for the stock of merchandise, or to make some arrangements by which he could do so, we conclude that he was not entitled to recover damages for the alleged breach of said contract; and, the case having been fully developed on this phase, we deem it our duty to reverse and render the same in favor of appellant, so far as appellee's claim for damages is concerned, but affirm the judgment as to the $10 earnest money paid into the registry of the court.

Affirmed in part, and reversed and rendered in part.