## C. I. T. CORPORATION v. WALTRIP.
### No. 12937.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 27, 1934.

Rehearing Denied Feb. 24, 1934.

See, also (Tex. Civ. App.) 48 S.W.(2d) 340.

Polk & Sansom and Mack & Mack, all of Fort Worth, for appellant.

Elton M. Hyder, of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee sued as the assignee of a chose in action against appellant. To this, after defensive pleadings, appellant asserted a cross-action. Judgment was in favor of appellee and against appellant upon a jury verdict.

[1-3] The appellee did not introduce in evidence his assignment, which was in writing. It had been introduced in evidence on a former trial, and was handled in this trial in the presence of the jury, and concerning it and its contents and the fact of an assignment, much testimony is in the record. We do not deem it necessary to discuss the sufficiency of such testimony for the reason that the judgment contains this recital: That the jury "having been duly instructed by the court and the defendant in open court having admitted plaintiff's cause of action to the extent of the sums hereinafter set forth in order to gain the right to open and close." Appellant does not dispute that this agreement was made, but says that the agreement as recited by the judgment was an accord on the amount only, without any admission of liability. Such a restricted admission is not, we think, a proper reading of the judgment, and would have been ineffectual to gain the right for which it was made, and if to that extent only, it would not have procured from the trial court the open and close in the argument. The court did not submit to the jury any issue respecting plaintiff's case and to this neither side, either there or here, makes any complaint. The defensive pleading of defendant contained no confession and avoidance, except as to the amount of plaintiff's claim. Each of these four reasons is sufficient to show that appellant admitted in the trial appellee's case as pleaded. Central Bank v. Lawson (Tex. Com. App.) 27 S.W.(2d) 125.

Appellant's cross-action was for failure of appellee to redeem certain notes on which the latter was secondarily liable. By the parties' contract, this was conditional, inter alia, on tender to appellee of some forty-three au-

tomobiles. Appellant tendered five, which it says appellee declined to receive, on the ground of lack of funds to pay therefor. This appellant says excused the tender of the remainder. Appellant had, or received thereafter, the remaining thirty-eight automobiles, and we doubt, in such case, the sufficiency of such a ground as relieving it of further tender. However, we do not express any decision thereon, involving as it does the indivisibility of the obligation of appellant, or, on the other hand, whether such breach indicated nonperformance of the entire redemption by appellee, Del Curto v. Billingsley (Tex. Civ. App.) 169 S. W. 393, for there was voluminous contradictory testimony on the subject of the tender of the five cars. The jury found they were not tendered. We do not find the testimony insufficient to sustain that verdict.

The judgment of the trial court is affirmed.