ST. PAUL FIRE & MARINE INSURANCE COMPANY ET AL. V. SOLOMON GOTTHELF.

[FILED OCTOBER 5, 1892.]

1. **Harmless Error.** A judgment will not be reversed on account of harmless error.

2. **Fire Insurance:** NOTICE OF LOSS: TERMS OF POLICY: WAIVER. Provisions of an insurance policy covering a stock of goods, for notice of loss within a specified time and in a particular manner, will be held to have been waived by the insurer where, with knowledge of the loss of part of said stock by fire, it, by its adjusting agent, demands and obtains possession of the remainder of the goods and books of the insured and is engaged several days, with the help of the latter, in ascertaining the amount of the loss.

3. **Corroborating Evidence:** USE OF MEMORANDUM BY WITNESS: BOOK ENTRIES. A witness who at the time of purchasing a bill of goods entered each item in a book, together with the cost thereof, may use such book as a memorandum, and when it is shown by his testimony that he knows the entries therein to be correct and that they were made at the time of the transaction in question, such book may properly be introduced in evidence, not for the purpose of proving the purchase of the goods, but in corroboration of the witness and as a detailed statement of the items involved.

4. **Trial:** LEADING QUESTION: DISCRETION OF TRIAL COURT. As a general rule, the allowing of a leading question is a matter within the discretion of the trial court, and a judgment should not be reversed on that ground unless it is apparent that there has been a clear abuse of discretion.

5. Award: Void for Uncertainty.   An award will be held void
   for uncertainty when no amount is named therein or means in-
   dicated by which it can be ascertained.

6. ————: ————.   *Held,* That the finding in the record was a mere
   invoice of goods and not an award of arbitrators.

7. Instructions: How Construed.   A paragraph of a charge to
   the jury should be construed as a whole, and, if so construed it
   correctly states the law, will not be condemned because a de-
   tached part thereof, construed by itself, might be subject to
   criticism.

8. ————.   *Held,* That there is no error in the giving and refusing
   of instructions prejudicial to plaintiffs in error.

9. Evidence examined, and *held* sufficient to sustain the verdict and
   judgment of the district court.

Error to the district court for Lancaster county.   Tried
below before Field, J.

Six separate actions were commenced by Solomon Gott-
helf against The St. Paul Fire & Marine Insurance Com-
pany, The Hamburg-Bremen Fire Insurance Company,
The Anglo-Nevada Assurance Corporation, The North
British & Mercantile Insurance Company, The Oakland
Home Insurance Company, and The United States Fire
Insurance Company.   By agreement of the parties the ac-
tions were consolidated and tried together.   Judgment was
rendered for plaintiff below, to reverse which each defend-
ant prosecuted proceedings in error.

*Chas. O. Whedon,* for plaintiffs in error:

The facts as pleaded did not constitute a waiver of proof
of loss. (*Blossom v. Lycoming Ins. Co.,* 64 N. Y., 162;
*Brink v. Hanover Ins. Co.,* 70 N. Y., 593; *Von Genechtin
v. Citizens Ins. Co.,* 39 N. W. Rep. [Ia], 881; *Briggs v.
Fireman's Fund Ins. Co.,* 31 N. W. Rep. [Mich.], 616;
*Beatty v. Lycoming County Mutual Ins. Co.,* 66 Pa. St., 9.)
The award was final as between the parties. (*Goodridge v.
Dustin,* 5 Met. [Mass.], 363; *Wheeler v. Watertown Ins.*

St. Paul F. & M. Ins. Co. v. Gotthelf.

*Co.*, 131 Mass., 1; *Koon v. Hollingsworth*, 97 Ill., 54; *Kimball v. Walker*, 30 Id., 482; *Burchell v. Marsh*, 17 How. [U. S.], 344; *Hadaway v. Kelly*, 78 Ill., 286; *Tynan v. Tate*, 3 Neb., 390; *Holmes v. Aery*, 12 Mass., 134.

*Pound & Burr, contra:*

The facts alleged in the petitions and proved on the trial show complete waiver of proof of loss. (*Franklin Ins. Co. v. Updegraff*, 43 Pa. St., 359; *Blake v. Ins. Co.*, 12 Gray [Mass.], 265; *Susquehanna Ins. Co. v. Staats*, 102 Pa. St., 529; *Graves v. Washington Ins. Co.*, 12 Allen [Mass.], 391; *Phœnix Ins. Co. v. Barnd*, 16 Neb., 89; *Carroll v. Girard Ins. Co.*, 72 Cal., 297; *Bammessel v. Brewers Ins. Co.*, 43 Wis., 463.)

POST, J.

The defendant in error commenced six different actions in the district court of Lancaster county on separate policies of insurance by the plaintiffs in error to recover for damage by fire to a stock of goods covered by said policies. By agreement of parties the several actions were consolidated and tried together, resulting in verdicts against each of the companies named. A motion for a new trial was made by each of the defendants below, which motions were overruled and judgments entered in accordance with the verdicts, and said cases removed to this court by petitions in error. The pleadings are the same in each case, except as to the amount of damage claimed. The first error alleged in the brief of plaintiffs in error is the overruling of their motion to require the plaintiff below to separately state and number his causes of action. Each petition contained two causes of action, one on the policy of insurance and the other for money expended for clerk's and appraisers' fees. The ruling complained of, if erroneous, is error without prejudice, since, on the submission of the case, the jury were instructed that there could be no recovery for

26

money expended for clerk hire or appraisers' fees, and expressly limited the right of plaintiff below to recover to the other cause of action, viz., for damage to the stock of goods.

Second—It is claimed that the district court erred in denying the motion of defendants below to strike out the seventh paragraph of the petition, as follows: "That immediately after said fire the different insurance companies who had policies and risks upon the aforesaid goods and property were notified and informed of said fire, and that each of said companies, as well as defendant, sent or had duly authorized agents to come upon the said premises and adjust the loss caused by said fire and took an inventory of said goods and property, and said defendant, after taking said inventory, and all of said other insurance companies, insisted that plaintiff's loss was only $2,000, when in truth and in fact it was and is $8,222.53, and that they thereby waived any proof of loss as required by said different policies and by the policy of the defendant." The foregoing allegation should be construed in connection with the eighth paragraph as follows: "That shortly after the said fire the several agents and adjusters of the said defendant, and all companies having policies on said stock with defendant, came to the city of Lincoln and, at their request and demand, took charge of the goods and stock, as well as the books of plaintiff, and the plaintiff chose one person, and said agents and adjusters the other, and they proceeded and took an inventory of said goods for the purpose of ascertaining how much the loss of plaintiff was, and for a period of over one month the said agents and adjusters had possession and control of said books stock, and property, and the plaintiff aided and assisted them all that he could, and the inventory was taken in duplicate, one was kept by the plaintiff and one by the defendant and his other insurance agents and adjusters; and the inventory so made by plaintiff and defendant found that

there was $7,208.09 worth of goods and property in stock, not deducting any damage therefrom, and not deducting any goods that was a total loss by said fire, and which inventory plaintiff will produce at the trial of this action, and from which, together with plaintiff's books, it will fully appear that the loss at said fire was and is the said sum of $8,222.53." These allegations, in our judgment, sufficiently charge a waiver of the conditions of the policies with respect to proof of loss.

The same question was fully considered by this court in the case of *Billings v. The German Ins. Co.*, 34 Neb., 502. The conclusion there reached, which we believe to be in accord with the clear weight of authority, was that similar provisions in a policy of insurance for forfeiture will be held to have been waived by the insurer when it is informed of the fact by reason of which the forfeiture is claimed, but thereafter continues to treat the contract as binding and induces the insured to act in that belief. , The facts alleged in this case bring it clearly within the rule above stated. If, as alleged, the insurance companies, by their adjusting agents, soon after the fire, demanded and obtained possession of the stock of goods in question, and also the books of the insured, and retained possession thereof for a month, being, during all of said time, engaged, with the assistance of the latter, in ascertaining the amount of the loss, such facts would amount to a waiver of the proof of loss and excuse the making of such proof in the manner and within the time specified in the policies. The authorities cited in *Billings v. The German Ins. Co.* fully sustain this proposition. Also in the answers filed in the district court it is charged that the amount of loss was by mutual agreement submitted to arbitration, and that an award was made which is pleaded as a defense. This, we think, is a waiver of the proof of loss provided by the policies. (*Carroll v. Ins. Co.*, 72 Cal., 297; *Bammessel v. Ins. Co.*, 43 Wis., 463.)

Third—Plaintiff below, to prove the amount and value of the goods insured, introduced evidence tending to show that in the month of October, 1887, he had purchased a bill of goods of August Vick in the city of St. Louis amounting to about $2,300. He testified that at the time he purchased said goods he correctly entered every item with the cost thereof in a book. In this he is corroborated by Mr. Vick. Said book, with the entries therein, having been identified, was offered in evidence in connection with the testimony of the plaintiff below and received over the objection of the defendants, and which is now assigned as error. It will be observed that the book was used by the witness as a memorandum only in connection with his testimony. In order to lay the foundation for the admission in evidence of an entry used for that purpose it must be shown by the witness that he once knew the facts stated in the memorandum, and that he made the entry at the time or soon after the transaction; that he intended to make it correctly, and that he believed it to be true. (15 Am. & Eng. Ency. of Law, 263.) The book was rightly admitted, the proper foundation having been laid, not as proving the purchase of the goods, but in corroboration of plaintiff below and as a detailed statement of the items involved. (1 Greenleaf on Evidence, 437 and note.)

Fourth—A further objection is made that the time of the purchase of the so-called Vick bill was too remote for the purpose of proving value at the time of the fire January, 1889. There is nothing in the objection made. A considerable part of the stock had been destroyed by the fire and the portion saved was badly damaged. Plaintiff below was for that reason properly permitted to show the amount and value of the original stock and subsequent purchases and to deduct the amount of sales since he commenced business in October, 1887, and value of goods remaining after the fire. This was proper, and the value of the goods in the Vick bill was therefore a proper subject for consideration by the jury.

Fifth—Objection was made to a leading question put to plaintiff below, as a witness in his own behalf, by his counsel. The court may in its discretion permit leading questions, and where there has been no abuse of that discretion a judgment will not be reversed on that ground alone. In this case there does not appear to have been an abuse of discretion. Nor can plaintiffs in error be said to be prejudiced thereby, as substantially the same answer had been previously given to other questions without objection.

Sixth—Defendant in error was asked, on cross-examination, how much he paid Vick for the goods bought of the latter in October, 1887, to which objection was interposed and sustained on the ground that it was immaterial, which ruling is now assigned as error. The ruling in question could not have prejudiced the plaintiffs in error, for the reason that the witness had already testified on direct examination that he could not give the value of the goods without referring to the book above mentioned. Also, on cross-examination he had testified without objection as follows:

Q. What did you pay for the goods you bought in that book (referring to the memorandum above mentioned)?

A. I can't remember.

Q. About how much?

A. I can't remember.

Q. About what did you pay for them?

A. I don't remember; I cannot tell you.

We have no reason to infer that further cross-examination on that subject would have profited the plaintiffs in error, and cannot say that the court erred in the limitation imposed.

Seventh—Defendant in error was asked on direct examination what per cent should be added to the cost price of goods for freight, unpacking, marking, and exposing them for sale, to which objection was made on the ground that it was incompetent and immaterial. The cost of handling,

as well as freight charges, was a proper subject for consideration under the pleadings. The objection raises no question except that of the materiality of the evidence, and was therefore rightly overruled.

Eighth—In the several answers it was alleged that all of the questions involved had been submitted to arbitrators, who made an award, and which is one of the defenses relied on. This allegation is denied by the defendant in error, who alleges in his reply that the so-called arbitrators were selected merely for the purpose of making an inventory of the goods remaining after the fire. This question was submitted to the jury under instructions which fairly state the law. The finding for the defendant in error on that issue cannot be said to be so decidedly against the weight of evidence as to call for action by this court. Nor are we referred to any finding or report having the semblance of an award. The only return made by the arbitrators or appraisers is entitled an "Invoice of Stock of Solomon Gotthelf taken January 19, 1889." It comprises fifty-four pages of a book, which in three columns show, respectively, the items appraised, the cost thereof, and the damage thereto. On some of the pages are figures indicating the per cent deducted on account of damage. There is a footing in pencil mark on each page of the column, indicating the cost and the damage, but no total appears of either. An award will be held void for uncertainty when no amount is named, or means indicated by which it can be found. (*Waite v. Barry*, 12 Wend. [N. Y.], 377.) The finding in question includes only the stock as it appeared after, and makes no reference whatever to the value thereof before the fire. We think the jury were warranted on the evidence before them in finding for defendant in error on the question of arbitration.

Ninth—Exceptions were taken to the refusing of instructions asked and the giving of others by the court on its own motion. The instructions in question are too nu-

merous to copy into this opinion.    They may be for con-
venience divided into two sets or classes.    The first set
refers to the question of waiver.    Those given state the law
in accordance with the view already expressed, and in giv-
ing them and refusing those asked there is no error.    The
other instructions to which objection is made refer mostly
to the question of damage.    On the trial it was agreed
" that the books of the plaintiff, exclusive of the little book
B already introduced in evidence, show that the purchase of
goods by the plaintiff before the fire amounted to the sum of
$13,574.87; and that from this amount of goods the plaint-
iff had sold goods to the amount of $12,685 before the
fire."   Referring to the above stipulation the court charged
the jury as follows: " Fifth—If you should find for the
plaintiff in this action, then, in determining the damage
sustained by the plaintiff, it would be proper for you to
take into account the total value of the goods purchased
by the plaintiff prior to the fire, which in this action it is
admitted by both parties, excluding the goods as shown in
the little book called 'Exhibit B,' to be $13,574.88.   It is
further admitted by the evidence that the plaintiff had sold
out of said goods prior to the fire $12,685 worth of goods.
To determine the amount of the goods on hand at the time of
the fire, you should deduct from the amount of goods sold
the amount of profits upon said goods as shown by the ev-
idence and this method, that is, taking all the goods pur-
chased by the plaintiff that the evidence shows went into
said stock, prior to the time of said fire, deducting from
said goods the amount of the sales, less the profits as shown
by the evidence, would be one method of determining the
value of goods on hand at the time of the fire.   The ques-
tion of profits upon the sales made by the plaintiff is a
question for you to determine from all the evidence before
you, and in determining this question you should consider
the evidence as to the amount of profits upon the several
different kinds and classes of goods, and allow such profits

.as the evidence shows you to have been made upon the
kind and class and character of goods handled and sold by
the plaintiff. In determining the value of the goods on
hand after the fire, and the damage to the same, it is proper
that you should take into consideration the invoice and
appraisal offered in evidence and give to it such weight as
you believe it is entitled to under all the evidence. In de-
termining the value of the goods at the time of the fire you
should determine the value of said goods in this market as
shown by the evidence. It is proper to take into account
the cost price of said goods as shown by the evidence, and
to this cost price you should add such a sum as you believe
from the evidence is necessary to make the real and actual
value of said goods in this market at the time of said fire.
No arbitrary or particular sum should be allowed by you,
but you should determine its value from the evidence be-
fore you in this case. If you should find for the plaintiff
in these actions, then you will determine from the evidence
whether or not there was a total loss of any of the goods
and property of said plaintiff by said fire, and determine
from all the evidence the value of such goods, if any, you
find to have been totally destroyed and allow the plaintiff
therefor."

The objection to the instruction set out is that the court
misconstrues the agreement referred to therein. In this con-
tention we agree with counsel for plaintiffs in error, as the
agreement in question relates to the first cost of the goods
only, while the court seems to construe it as referring to the
value thereof. The instruction as a whole, however, fairly
states the law, and the jury could not have been misled by
the direction contained therein. By it they are in effect
directed to determine the value of the goods on hand at the
time of the fire from all the evidence before them, includ-
ing cost thereof.

Tenth—Finally it is contended that the damage is ex-
cessive. We have carefully read over the voluminous

record and are unable to say that the total of the verdicts is excessive within the rule which would warrant a reversal by this court. There is a sharp conflict of testimony upon that question. The principal controversy on that branch of the case was the profits realized on the goods sold by defendant in error. By the agreement above referred to it appears that he had made sales from the stock in question to the amount of $12,685. In determining the value of the stock therefore the profits included in the amount of the sales become material. Three witnesses, including the defendant in error, testify from actual knowledge that the goods in question had sold at a profit of one hundred per cent, and in this they are corroborated by a fourth. Calculating the profits at fifty per cent, the verdict may still be sustained. There is no prejudicial error in the record and the judgment below is

AFFIRMED.

THE other judges concur.