BAUM IRON COMPANY v. LOUIS BURG.

FILED FEBRUARY 4, 1896.    No. 5855.

1. Examination of Witnesses: LEADING QUESTIONS: REVIEW. The extent to which leading questions may be allowed rests in the discretion of the trial court, and the rulings in that respect will not, in the absence of an abuse of discretion, be disturbed by this court.

2. Contracts: RESCISSION. A contract cannot be rescinded in part on account of fraud, and ratified in part. It is the duty of the injured party in such case to rescind the contract as a whole or not at all.

3. Review: HARMLESS ERROR. A judgment will not be reversed on account of error not prejudicial to the complaining party.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

The issues are stated in the opinion.

*Kennedy & Learned,* for plaintiff in error:

There was error in receiving in evidence the answers to leading questions. (*Swan v. Swan,* 15 Neb., 453; *Obernalte v. Edgar,* 28 Neb., 70; *St. Paul Fire & Marine Ins. Co. v. Gotthelf,* 35 Neb., 357.)

In criticising the instructions reference was made to the following cases: *McDowell v. Thomas,* 4 Neb., 542; *Harrow Spring Co. v. Whipple Harrow Co.,* 51 N. W. Rep. [Mich], 197; *Cockburn v. Ashland Lumber Co.,* 12 N. W. Rep. [Wis], 49; *Winans v.*

*Sierra Lumber Co.,* 4 Pac. Rep. [Cal.], 952; *Halstead Lumber Co. v. Sutton,* 26 Pac. Rep. [Kan.]; 444; *Trigg v. Clay,* 13 S. E. Rep. [Va.], 434; *Appeal of Brush Electric Co.,* 11 Atl. Rep. [Pa.], 654; *Imperial Coal & Coke Co. v. Port Royal Coal & Coke Co.,* 20 Atl. Rep. [Pa.], 937.

*Bartlett, Baldrige & De Bord, contra.*

POST, C. J.

This was an action by the defendant in error Louis Burg, doing business as the L. Burg Manufacturing Company, against the plaintiff in error, the Baum Iron Company, in the district court for Douglas county. The cause of action alleged is a quantity of hickory axles, amounting, at the contract price, to $282.87; also, certain double-trees and wagon-hounds, amounting to $4.25, making a total demand of $287.12. It is alleged that as one of the conditions of the contract with respect to the said property it was mutually agreed that it should be examined and accepted on behalf of the defendant below by one Hatrick at Farmington, Iowa, at which point it was to be delivered on the cars billed to the defendant at Omaha, in this state, and that his selection should be final and binding upon the parties. It is further alleged that the property above described was selected by said Hatrick pursuant to said agreement and shipped to the defendant below, by whom it was received June 10, 1890. The allegations of the petition are denied by the answer, accompanied by a counter-claim in which it is charged that the plaintiff below agreed to furnish to the defendant therein at Farmington, Iowa, certain wagon timbers of substantially the character described in

the petition, to be strictly No. 1 in quality and sound in every particular; that the plaintiff, in order to cheat and defraud the defendant, falsely and fraudulently represented said Hatrick, a resident of Farmington and a stranger to the plaintiff, to be a capable and impartial person to select such material in its (defendant's) behalf; that he, Hatrick, was not impartial, but, on the contrary, immediately conspired with the plaintiff to cheat and defraud the defendant by the selection of unsound material, and that in pursuance thereof, said conspirators selected and shipped to the defendant material corresponding in size to that purchased, but which was unsound and worm-eaten, by reason of which it was wholly unfit for use, and of no value whatever; that on discovering the fraud so practiced upon it, the defendant notified the plaintiff that it held said material subject to his (plaintiff's) order and subject to freight charges paid thereon, and that upon the plaintiff's refusal to remove said material it was sold on his account by the defendant for the sum of $232.65, and which, less the sum of $101.84, charges for freight, drayage, and cost of handling, has been applied upon the demand against the plaintiff hereafter mentioned; that the material so contracted for was necessary for the use of the defendant in its business, and by reason of the plaintiff's default it has been damaged in the sum of $240. There is a further counter-claim for $95.75 on account of material which, as alleged, the plaintiff has failed to deliver in accordance with his agreement to that effect. There is also a prayer for judgment for the amounts above named less $130.81, the net proceeds of the material sold on plaintiff's account. The reply is in effect a

Baum Iron Co. v. Burg.

general denial. A trial was had, resulting in a
verdict and judgment for the plaintiff therein for
$332.62, and which has been removed into this
court for review by petition in error of the unsuc-
cessful party.

The first assignment to which our attention is
directed by the brief of counsel for the plaintiff in
error is that the district court erred in receiving
in evidence the answers to certain leading ques-
tions. The extent to which leading questions
may be allowed is a subject which rests in the dis-
cretion of the trial court, and as we have fre-
quently had occasion to hold, its rulings in that
respect will not, in the absence of a clear abuse of
discretion, be disturbed by this court. (*Obernalte
v. Edgar*, 28 Neb., 70; *St. Paul Fire & Marine Ins.
Co. v. Gotthelf*, 35 Neb., 357.) The other assign-
ments all relate to the giving and refusing of in-
structions.

The court, on its own motion, gave the follow-
ing, to which exception was taken: "Fraud is not
to be presumed, but must be established by the
evidence. In the consideration of the question
whether or not fraud was practiced upon the de-
fendant in the selection of the axles in question,
you must consider all the facts and circumstances
attending the transaction and surrounding the
parties as they appear from the evidence. While
fraud is not to be presumed, it can seldom be
established by direct evidence, and in considering
the question you must consider all the evidence in
regard to the acts of the parties and circum-
stances of the case. If you find from a considera-
tion of all the evidence that the selection of the
axles was fraudulent, or that Hatrick acted
fraudulently or dishonestly in making such selec-

tion, then his selection cannot bind the defendant as to such material as the evidence shows you to have been unfit for the purpose for which they were sold." The criticism of counsel is directed to the concluding paragraph of the foregoing instruction, and is, we think, not wholly unmerited. Practically, the answer charges a rescission of the contract on account of the alleged fraud and conspiracy between the plaintiff below and Hatrick. The fraud alleged, if available, is a complete defense, and not alone as to so much of the material selected as proved worthless or unsound. It was, moreover, the defendant's duty, assuming the fraud to have been proved as alleged, to rescind the contract as a whole or not at all. (*Raymond v. Bearnard*, 12 Johns. [N. Y.], 274; *Hendricks v. Goodrich*, 15 Wis., 679*; *Bainter v. Fults*, 15 Kan., 323; *Higham v. Harris*, 108 Ind., 246.) It does not follow, however, that the error assigned is prejudicial, calling for a reversal of the judgment. An inspection of the record discloses that the question of fraud was fairly submitted to the jury, and the amount of the verdict plainly indicates that that defense was rejected as a whole. The defendant could not, therefore, have been prejudiced by the instruction complained of, and the giving of it was harmless error, not calling for the reversal of the judgment.

Counsel also vigorously assail instruction No. 10, given at the request of the plaintiff below, as follows: "The plaintiff asks the court to instruct the jury that there is no dispute, either in the pleadings or between the parties in this case, that one Henry Hatrick was selected by the plaintiff and defendant to make selection of the axles in controversy, and that the defendant only seeks to

avoid the selection made by said Hatrick on the ground of fraud and conspiracy between the said Hatrick and the plaintiff, to cheat and defraud the defendant in making such selection. You are in-- structed that the burden of proof is upon the defendant as to such fraud, and if it has not proved the fraud alleged to the satisfaction of the jury, then the selection of Hatrick is final." As a statement of the issues made by the pleadings this instruction is not strictly accurate. It does, how- ever, correctly state the only proposition about which there was any controversy at the close of the trial, and for that reason presents no ground for complaint on the part of the plaintiff in error.

Complaint is made of the refusal of certain in- structions requested by the defendant below, but they were, in so far as they state the law of the case, embodied in those given by the court on its own motion.

We discover in the record no substantial error, and the judgment is accordingly

AFFIRMED.