HENRY McKEE ET AL. V. JOHN M. BAINTER.

FILED NOVEMBER 18, 1897. NO. 7459.

1. **Sales: DELIVERY.** B. sold a car of wheat to M., which by agreement was to be delivered on the car at B.'s place of business, M. agreeing to accept B.'s weight and grade. *Held,* That B., by delivering the wheat in the car at his place of business, causing it to be consigned to M., and surrendering it to the railway company, fully completed his contract.

2. **Trial to Court: ERRONEOUS ADMISSION OF EVIDENCE: REVIEW.** This court will, in a case tried to the court without the assistance of a jury, presume that the district court considered and gave effect to proper evidence only; and if there is sufficient evidence to sustain the finding made, the judgment will not be set aside because of error in the admission of evidence.

3. **Sales: EVIDENCE OF DELIVERY.** Evidence examined and *held* to sustain the finding of the district court.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*F. I. Foss* and *W. R. Matson,* for plaintiffs in error.

*Hastings & McGintie* and *A. S. Sands, contra.*

POST, C. J.

In the district court of Saline county John M. Bainter sued McKee & Warner, copartners, alleging in his petition that he had sold and delivered to them a car of wheat containing 646 bushels and 50 pounds, at $52\frac{1}{2}$ cents per bushel, amounting to $333.10, of which sum the defendants had paid $195 only, and claimed a judgment for the balance of $138.10. The defense was that the car contained only 373 bushels and 40 pounds of wheat, for which the defendants had fully paid. A jury was waived by the parties and a trial had, resulting in a finding and judgment for Bainter for the amount claimed, and which it is sought to reverse by means of this proceeding.

1. The first assignment of error is in effect that the

evidence does not sustain the finding of the trial court. By the contract between the parties the car of wheat was to be delivered to the plaintiffs in error on the railroad track at Dorchester, Bainter's place of business. The plaintiffs in error were in business at Crete, nine miles east of Dorchester, the two places being connected by the Burlington railway. The plaintiffs in error were to take Bainter's weights and grades. The evidence on behalf of Bainter shows that he purchased and placed in a car at Dorchester 646 bushels and 50 pounds of wheat, sealed said car, caused it to be billed to the plaintiffs in error at Crete, and surrendered possession of the car to the railway for transportation. In other words, the evidence sustains the finding of the court that Bainter delivered to the plaintiffs in error at Dorchester, on the car, 646 bushels and 50 pounds of wheat, in accordance with the terms of the contract between the parties.

It is true that the evidence on behalf of the plaintiffs in error tends to show that some three days after its shipment they caused the wheat to be weighed and it fell short of the amount above mentioned; but the delivery took place at Dorchester in pursuance of the contract between the parties; and if the car when turned over to the railway company, consigned to the plaintiffs in error, contained 646 bushels and 50 pounds of wheat, then the delivery of that amount of wheat was then and there complete; and if it be true that the car when it reached its destination did not contain the amount of wheat shipped, defendant in error is not required to make good the loss. He had performed his contract when he placed the wheat in the car at Dorchester and surrendered it to the railway company for transportation, properly billed to the plaintiffs in error.

2. There are numerous complaints in the brief as to the action of the district court in admitting testimony on the trial. But where a jury is waived and the case is tried to the court, its judgment will not be reversed on account of the admission of incompetent, immaterial, or

irrelevant evidence, provided the finding is supported by sufficient material and competent evidence. *(Bilby v. Townsend*, 29 Neb., 220; *Ward v. Parlin*, 30 Neb., 376; *King v. Murphy*, 49 Neb., 670.)

The judgment of the district court is

AFFIRMED.