## City of Harvard v. Mary F. Stiles.

Filed March 3, 1898.   No. 7817.

1. **Damages: Pleading and Proof.** A recovery may be had under a general allegation of damages for all injuries which necessarily follow as results of the act, the subject of complaint. They need not be specially pleaded, and this is applicable to necessarily resulting permanent effects of the injuries.

2. **Trial: Leading Questions: Review.** The extent to which leading questions may be allowed rests in the discretion of the trial court, and the rulings in that respect will not, in the absence of an abuse of discretion, be disturbed by this court. *Baum Iron Co. v. Burg,* 47 Neb. 21, followed.

3. **Rulings on Evidence: Review.** Alleged errors of the trial court in the admissions of evidence examined, and *held* without force.

Error from the district court of Clay county. Tried below before Hastings, J. *Affirmed.*

*Leslie G. Hurd,* for plaintiff in error.

*Thomas H. Matters* and *Tibbets Bros., Morey & Ferris,* contra.

Harrison, C. J.

The defendant in error commenced this action in the district court of Clay county, alleging in her petition the existence of Harvard as an incorporated city and of location in Clay county; that the city was charged with the duty of keeping its streets in good condition and repair, and further pleaded as follows: "That on or about the 4th day of July, 1894, there was a certain sidewalk located on the west side of Kearney avenue, between North Depot street and Oak street, in said city; that said Kearney avenue is a common thoroughfare in said town, and between the North Depot street and Oak street on the said 4th day of July, 1894, and for some time prior thereto, said walk was out of repair, the boards being loose and the stringers to which the boards were nailed

had rotted away so that it was unsafe for people to travel over said walk. The plaintiff, while going from her home, which is located on the south side of North Depot street and on the east side of Kearney avenue, to the business portion of the city, using ordinary care and without any fault or negligence on her part, fell on said walk by reason of the unsafe condition thereof, and by reason of the same being in an imperfect state of repair. Plaintiff further alleges that said city had, for more than one year prior thereto, had due and timely notice of the imperfect condition of said walk, yet said defendant carelessly and negligently permitted said walk to remain out of repair. Plaintiff further says that by reason of the fall occasioned by the imperfect condition of the walk as above related she was thrown upon the ground, remained unconscious for some time, and sustained injuries, and she has been detained from her work for about four months; and by reason of the injuries aforesaid she has lost the use of her left hand, to the damage of this plaintiff in the sum of $5,000." The city in its answer admitted its incorporation, also the allegations of the petition relative to the location of certain streets and the sidewalks, generally denied all other allegations thereof, and pleaded affirmatively that the sidewalk referred to in the petition was a temporary board walk. This was followed by a description of the material used in the construction of the walk, also statements in regard to the manner in which it had been made, etc.; that defendant in error had frequently passed over the walk and had full knowledge of its condition, and if any injury was sustained by her, it was by reason of her own negligence and the negligence of those who accompanied her at the time of her alleged injury. It was also stated that the city was without notice of defects in the walk, if any existed, and that it had repaired the same at a date a short time previous to that of the asserted injury; that if defendant in error had lost the use of her left hand, the cause was not traceable to any injury she may have

sustained through the imperfect or defective condition of the city's sidewalk, but was attributable to careless and negligent treatment of the injured hand by physicians employed by defendant in error, and by her own failure to properly care for and treat the same. All new matter in the answer was denied in a reply filed for defendant in error, and of the issues thus joined there was a trial, which resulted in a verdict for defendant in error in the sum of $1,750. A motion for a new trial was, on presentation and hearing, overruled, and the court then required the defendant in error to file a remittitur of the sum of $500, which she did. Judgment was then rendered in her favor for $1,200. The city presents the case to this court for review.

Error was assigned and is argued of the giving an instruction numbered 17, a refusal to give an instruction numbered 3 requested for the city, also the admission of testimony in regard to the permanency of the injuries, and of the admission in evidence of the Carlisle tables of the expectancy of life. The ground of the claim of error as to each of the matters specified is that there was no allegation in the petition of a permanent injury. Under the general allegation of damages in a petition, the plaintiff may recover for all the injuries which necessarily resulted from the act complained of, and it is needless to specify them. So damages for the future and permanent effect of injuries, necessarily resulting to the plaintiff, are recoverable under the general *ad damnum* clause and need not be specifically alleged. (5 Ency. Pl. & Pr. pp. 748, 749, and cases cited; *Bank of Commerce v. Goos*, 39 Neb. 437.)

There was in the petition the following allegation, "and by reason of the injuries aforesaid she has lost the use of her left hand." This, it is claimed by counsel for the city, should be construed to mean that the loss of the use of her hand was during the past, while the counsel for defendant in error contends it states a permanent loss of the member. It may bear the former construc-

tion, but we think the latter import arises from its more natural and unstrained construction, and with such interpretation there was an allegation of permanent injury. We reach the conclusion on this branch of the argument that no special allegation of the permanency of the injury was necessary, and if it had been the petition contained it. It follows that all of the objections to which we have referred based on the lack of this allegation in the petition must be overruled.

It is asserted that the petition does not allege that the city had other than actual notice of the condition of the sidewalk and that there is a failure of proof on this point. There was ample evidence of both actual and constructive notice to the city or its officers to demand the submission of the question to the jury and to support a finding on the subject, if one was made. This was sufficient. (*City of York v. Spellman,* 19 Neb. 383; *City of Lincoln v. Smith,* 28 Neb. 762.)

It is urged that it was error to overrule the objections of counsel for the city (we now quote from the brief) "to these questions: Q. What condition was the hand in before you fell, your hand and arm? A. It was in good condition. I was doing all the work myself." And the succeeding questions shown upon pages 9 and 10 and 11 of the record. To the question quoted as it appears in the record on page 10 there was no objection. To the succeeding ones objections were made which were overruled. Considering the portion of the testimony here given in regard to the arm in connection with all the evidence on the subject of the injury to the hand and the character of such injury, it appears that in order to fully explain and establish the useless condition of the hand it became necessary to show the condition of the arm as inseparably connected with that of the hand and necessarily incidental thereto. In this view, which we think the correct one, it was within the issues, and its reception was not error.

It is complained that the court erred in overruling ob-

jections to questions asked witnesses Louis and Mary Haas, such interrogatories to the latter being numbered 24, 26, 29, 30, 37, 39, and 43, and to the former 39, 40, 43, and 63; that they were leading and should have been rejected. We have examined these alleged errors and conclude that the majority, if not all, of the questions were proper, and the evidence given in answer to them not objectionable. In regard to the objection that they were leading, it must be said: "The extent to which leading questions may be allowed rests in the discretion of the trial court, and the rulings in that respect will not, in the absence of an abuse of discretion, be disturbed by this court." (*Baum Iron Co. v. Burg*, 47 Neb. 21; *St. Joseph & G. I. R. Co. v. Hedge*, 44 Neb. 448; *German Nat. Bank v. Leonard*, 40 Neb. 676.) There was no abuse of discretion in allowing the questions under consideration and the rulings will stand.

It is stated that the trial court erred in permitting the witness David Stiles, the husband of defendant in error, to answer certain designated questions. These portions of the evidence were not all open to the objections urged against them, and if any of it was erroneously admitted it was not prejudicial.

It is further argued that the judgment is excessive in amount. The jury passed in its verdict on the amount to which defendant in error was entitled and the trial judge caused to be deducted from this $500; and, in view of all the evidence bearing on the subject, we cannot now say that the judgment is, in the sum allowed to be recovered, excessive.

No errors have been suggested which call for a reversal of the judgment and it must be

AFFIRMED.