AUGUST SCHMELLING V. STATE OF NEBRASKA ET AL.

FILED FEBRUARY 9, 1899. No. 8698.

1. **Trial:** HARMLESS ERROR. That improper evidence was admitted during the trial of a cause to a court without a jury is not alone sufficient reason for the reversal of the judgment.

2. ——: ——. If the trial was to the court without a jury, the presumption will prevail on appeal that the court considered none but the proper evidence.

3. ——: ——: LEADING QUESTIONS. If no abuse of discretion appears, the permission of leading questions to a witness is not cause for reversal of the judgment.

4. **Banks:** INSOLVENCY: PREFERRED CLAIMS. The owner of a sum of money on a general deposit in a bank at the time of its failure is not entitled to a preferred claim against the assets in the hands of its receiver.

5. **Review.** A finding upon conflicting evidence will not be disturbed on appeal if there is sufficient evidence for its support.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J.   *Affirmed.*

*Stubbs & Mauck*, for plaintiff in error.

References: *State v. State Bank of Wahoo*, 42 Neb. 896; *May v. Le Clare*, 11 Wall. [U. S.] 232; *Duncan v. Jaudon*, 15 Wall. [U. S.] 165; *United States v. State Bank*, 96 U. S. 30; *Dillon v. Connecticut Mutual Life Ins. Co.*, 44 Md. 386; *Libby v. Hopkins*, 104 U. S. 303; *Peak v. Ellicott*, 1 Pac. Rep. [Kan.] 499; *Ellicott v. Barnes*, 1 Pac. Rep. [Kan.] 767; *People v. City Bank of Rochester*, 96 N. Y. 32; *Kimmel v. Dickson*, 58 N. W. Rep. [S. Dak.] 561; *Anheuser-Busch Brewing Ass'n v. Morris*, 36 Neb. 31; *Griffin v. Chase*, 36 Neb. 328.

*S. A. Searle, contra.*

References: *Wilson v. Coburn*, 35 Neb. 530; *Hanchett v. Waterbury*, 115 Ill. 220; *Illinois Trust & Savings Bank v. Smith*, 21 Blatch. [U. S.] 275; *In re North River Bank*, 14 N. Y. Supp. 261; *Atkinson v. Rochester Printing Co.*, 114 N. Y. 168.

HARRISON, C. J.

The Bank of Superior failed in business on or about February 11, 1895, and in the regular course of procedure under the law of the state then in force relative to banks, and the adjustment of the affairs of insolvent ones, a receiver was appointed for the bank we have named and entered upon the discharge of the duties which by law were devolved upon him. The plaintiff in error presented an application to the receiver by petition in the district court of Nuckolls county, by which he demanded that for the sum of $822.77 he be adjudged to have a preferred claim against the assets of the bank in the hands of the receiver, and that it be ordered paid to him. Issues were joined, and after a trial thereof to the court the prayer of the application was denied.

The application of plaintiff in error for a preferred claim was predicated upon the assertion that he had placed in the bank the amount he claims to be his due, not generally, but to be held to await the arrival of the time for the performance of a contract for the sale and purchase of some real estate in which he was the named purchaser (this contract was then put in care of the bank), at which time it was to be paid to the vendor of the land. The contention was and is that the money was not a general deposit, but a special and specific one, and as such entitled to preference in payment from the assets of the bank. The deposition of the party who at the time the bank failed was its cashier was taken, also of the one who was then its assistant cashier. This was done in Chicago, to which city these persons had removed subsequent to the closing of the bank. The plaintiff in error was not present in person or by counsel at the taking of the depositions, and for him there were filed objections to a number of the interrogatories propounded. This was done after the depositions were received and filed in the court of trial and prior to the hearing. The objections were overruled and the depositions read and

received in evidence, and the admission of this testimony is of the errors assigned and presented. That evidence admitted during a trial to the court without a jury was incompetent, irrelevant, or immaterial will not alone work a reversal of the judgment. (*McKee v. Bainter*, 52 Neb. 604; *King v. Murphy*, 49 Neb. 670; *Viergutz v. Aultman*, 46 Neb. 141.) It will be presumed that the trial court considered none other than the proper evidence. (*McKee v. Bainter, supra; Smith v. Perry*, 52 Neb. 738.) Moreover, a considerable portion of the testimony to which objection was interposed was competent and material.

Of the objection that each of a majority of the questions asked at the taking of the depositions was leading it must be said that they were open to the complaint, and had the trial court's ruling been the reverse of what it was, we should have been entirely satisfied of its propriety and correctness; but the rule is: "The extent to which leading questions may be allowed rests in the discretion of trial court, and the rulings in that respect will not, in the absence of an abuse of discretion, be disturbed by this court." (*Baum Iron Co. v. Burg*, 47 Neb. 21; *St. Joseph & G. I. R. Co. v. Hedge*, 44 Neb. 448; *German Nat. Bank of Hastings v. Leonard*, 40 Neb. 676; *St. Paul Fire & Marine Ins. Co. v. Gotthelf*, 35 Neb. 351.) We do not feel warranted in saying that there was any abuse of discretion in the allowance of these leading questions; hence must disregard this argument.

The only further assignment of error is that the finding and judgment were not supported by the evidence. The evidence on the main point involved in the litigation was conflicting, and there were facts and circumstances, as well as direct testimony, which would have warranted a contrary conclusion to the one reached by the trial court; but the one at which the court arrived had sufficient of the evidence to sustain it and will not be disturbed.

The decision of the case hinged upon the question of

whether the money of the plaintiff in error was in the bank as a special deposit, a special or trust fund, and entitled to a preference in payment from the assets of the bank, or was it an ordinary or a general deposit and the claim not entitled to be preferred? The trial court determined it was the latter, and there was sufficient evidence to sustain the finding. The judgment was proper and must be

AFFIRMED.