## FRANK EDWARDS V. STATE OF NEBRASKA.

FILED JUNE 18, 1903. No. 13,147.

1. **Rape.** Sections 11 and 12 of the criminal code describe three classes of crimes, each of which is totally distinct from the other two. The second clause of section 12 makes it unlawful for a man to have sexual intercourse with a female child, with her consent, whether she is or is not his daughter or sister.

2. **Leading Questions.** The trial court has a large, though not an unlimited, discretion in granting or refusing permission to ask a witness leading questions.

3. **Harmless Error.** Error in sustaining an objection to a question is without prejudice, if the same question is afterwards asked and answered.

4. **Instruction: ERROR.** The failure of the court to instruct the jury, that.a defendant charged with rape can not be convicted without evidence corroborating the prosecutrix, is not error, unless it appears that such an instruction was requested.

5. ———: **PENALTY.** Where the jury are not required to fix the punishment, the trial court is under no obligation to tell them what penalty is annexed by law to the crime charged in the information.

6. ———: **PRESUMPTION.** An instruction, in which the jury are told that the presumption of innocence continues until the material allegations of the information are established by the evidence "to the exclusion of all reasonable doubt," is entirely accurate.

7. ———: **REASONABLE DOUBT.** The instruction on the subject of reasonable doubt, considered by this court in several cases, and found in Good and Corcoran, Instructions to Juries, sec. 146, at page 261, is, perhaps, less intelligible than the phrase defined, but yet plain enough to be within the comprehension of ordinary men.

ERROR to the district court for York county; BENJAMIN F. GOOD, DISTRICT JUDGE. *Affirmed.*

*George B. France* and *M. M. Wildman,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

Edwards was tried in the district court for York county upon an information charging him with having had sexual relations with Ruby L. Robinson, a female child under the age of thirteen years. The jury found him guilty and he was sentenced to imprisonment in the penitentiary for a term of three years. It was neither alleged nor proven that the girl was not the daughter or sister of the accused, and this is the first point urged against the conviction.

The argument by which it is sought to support the claim that the information is defective in failing to negative kinship is not convincing and is hardly specious. Sections 11 and 12 of the criminal code describe three classes of crimes, each of which is totally distinct from the other two. By section 11 it is declared to be unlawful for any person to have carnal knowledge of his daughter or sister forcibly and against her will. By the first clause of section 12 the act of having forcible carnal knowledge of any woman or female child, other than a daughter or sister, is denounced as a crime; and by the second clause sexual intercourse with a female child under the age of eighteen years, without force and with her consent, is forbidden. The act charged in the information does not constitute a violation of section 11 nor of the first clause of section 12, because the elements of force and non-consent are wanting; but it does clearly charge a violation of the second clause of section 12. That clause makes it unlawful for a man to have sexual intercourse with any girl under the age of consent. It takes no account of blood relationship. The defilement of the child without force is what constitutes the crime; whether she is or is not the daughter or sister of the accused is an irrelevant consideration. These views are supported by *George v. State*, 61 Neb. 669, and are, we believe, in harmony with the whole current of judicial opinion.

Numerous assignments of error are based upon rulings of the court permitting leading questions to be put to the witness, Ruby L. Robinson. The manner in which witnesses shall be examined is a matter over which the trial court has a very large discretion. *Schmelling v. State*, 57 Neb. 562; *Welsh v. State*, 60 Neb. 101. In this case that discretion was not abused. On the contrary it was, we think, exercised with judgment and discrimination.

The ruling of the court sustaining an objection to a question asked on cross-examination of Ruby L. Robinson is assigned as error. We need not inquire whether the ruling was right or wrong as the identical question was

afterwards asked and answered. The alleged error was, therefore, not prejudicial.

It is next insisted that the testimony of the prosecutrix lacks adequate corroboration and that the evidence is insufficient to sustain the verdict. We should be glad to accept this view of the matter if it had a reasonable basis in the record, but unfortunately it has not. Miss Robinson's story is not incredible, and it is greatly strengthened by circumstances which the defendant himself admits. Confirmation of the most persuasive kind is found in the testimony of Myrtle Johnson, who says that she saw Edwards and Ruby together at the time in question and actually witnessed the alleged criminal act.

It is contended that the venue of the crime was not proven, but in this counsel for defendant are mistaken. The evidence upon this point is plain, positive and ample.

Complaint is made because the court failed to instruct the jury that there could not be a conviction without evidence corroborating the testimony of the prosecutrix. The jury were told that they could not convict the defendant unless convinced by the evidence beyond a reasonable doubt that he was guilty as charged, but they were not informed that corroboration is indispensable in cases of this kind. There is authority for the claim that such an omission is reversible error, but the decisions of this court establish a contrary doctrine. The defendant having failed to tender an instruction embodying the idea that corroborative evidence was essential, the trial court was not in fault. *Carleton v. State,* 43 Neb. 373; *Reynolds v. State,* 53 Neb. 761; *Johnson v. State,* 53 Neb. 103; *Maxfield v. State,* 54 Neb. 44. See also 11 Ency. Pl. & Pr. 247, where a full collection of the cases bearing upon this question will be found.

It is contended that the court erred in not telling the jury that the punishment for the crime charged was imprisonment in the penitentiary for not less than three nor more than twenty years. There is, of course, no merit in this contention. It was the business of the jury to deter-

mine from the evidence whether the defendant was guilty or innocent; they had no other duty or function to perform and they could not have been aided in reaching a right conclusion by knowing what penalty the law annexed to the crime. "Where the jury are not required to fix the punishment in a criminal prosecution, it is not error to refuse to instruct them as to the penalty." *Ford v. State,* 46 Neb. 390.

The court said to the jury in the 5th paragraph of the general charge:

"The law raises no presumption against the defendant; on the contrary the presumption of law is in favor of his innocence. This presumption of innocence continues through the trial until every material allegation in the information is established by the evidence to the exclusion of all reasonable doubt."

The criticism upon this instruction is that it permits a conviction without proof of guilt beyond a reasonable doubt. We think the language employed by the court is apt and entirely accurate. The distinction between the state of a mind convinced beyond a reasonable doubt and the state of a mind from which all reasonable doubt has been excluded is too subtle and elusive to be of practical value in the administration of the criminal law. A mind from which every reasonable doubt has been excluded is not, we suppose, more likely to convict than one that has passed over every such doubt.

It is contended that the charge of the court on the subject of reasonable doubt is erroneous, but our own decisions furnish a conclusive answer to that contention. *Bartley v. State,* 53 Neb. 310, 359; *Carrall v. State,* 53 Neb. 431, 438. In the cases cited the instruction here in question was considered and not disapproved. It has, to be sure, no special merit; the definition which it gives is, perhaps, less intelligible than the phrase defined, but that may be said of the common run of such instructions.

There is no material error in the record and the judgment is therefore

AFFIRMED.