H. F. CADY LUMBER COMPANY, APPELLEE, V. WILSON STEAM BOILER COMPANY, APPELLANT.

FILED JANUARY 23, 1908.   No. 15.045.

1. **Appeal: VERDICT: EVIDENCE.** When a verdict of a jury is found from conflicting testimony, this court will not inquire into the preponderance of the evidence.

2. **Trial: EVIDENCE: OBJECTIONS.** An objection that a question is leading, incompetent, immaterial and irrelevant is not equivalent to an objection that the party is seeking thereby to discredit or impeach his own witness.

3. **Witnesses: IMPEACHMENT.** It is within the discretion of the trial judge to allow counsel to ask a witness called by him, who takes him by surprise by his testimony, whether the witness had not at a prior time made a statement to him contradictory of or inconsistent therewith.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*W. J. Connell,* for appellant.

*Baldrige & De Bord, contra.*

AMES, C.

The petition in this case alleges, in substance, that the defendant was indebted to Johnson & McAllister, a partnership, in the sum of $680 for goods sold and delivered by the latter to the former, and that on the 21st day of February, 1903, Johnson & McAllister for a valuable consideration assigned the claim in writing to the plaintiff, and that on the same day notice of the assignment was given to the debtor, but that the latter had neglected and refused to pay thereon any further or greater sum than $404.05, leaving due and unpaid the sum of $222.75, for which plaintiff prayed judgment. The discrepancy is due to a mistake in computation, which is not in dispute and does not require explanation. The answer admits that at some prior time, not stated, the defendant had been in-

debted to Johnson & McAllister in some unspecified amount, but prior to the making of the "pretended assignment" pleaded in the petition the indebtedness had been fully paid by the defendant to Johnson & McAllister, and that subsequently thereto the defendant had by their direction paid to the plaintiff the sum of $404.05. Proof of payment was attempted to be made by evidence tending to show that before the defendant had notice of the assignment it had, by the direction and authority of Johnson & McAllister, paid the sum in dispute to and for the use of the latter to certain of their creditors. There is no dispute that at about that time the defendant made payment by such direction to certain of such creditors to the amount stated, but whether before or after receiving notice of the assignment is disputed. The plaintiff had a verdict and judgment, and the defendant appealed.

The evidence is largely circumstantial, and each party contends with equal ardor and sincerity that it is so overwhelmingly in support of his side of the issues as to be practically without conflict. For that reason the plaintiff maintains that the verdict returned is the only one that could be permitted to stand, and for the same reason the defendant insists that the same verdict is wholly without support by the evidence. The arguments are about equally balanced, and there appears to us to be no great preponderance of the evidence on either side, and so the question seems to be one peculiarly within the province of the jury to decide. The examination of the witnesses, which is very long, we do not think it necessary to set out in this opinion. We have made such an examination of the record as to satisfy us that the evidence is conflicting within the meaning of the rule above alluded to. Neither do we feel called upon to set out the instructions, to the giving and refusal of which the defendant excepted. Suffice it to say that none of them appear to us to have been prejudicially misleading or to have been likely to confuse the jury in determining the very simple fact in issue.

Smith, a member of a partnership which was a creditor

of Johnson & McAllister, to which the defendant claims
to have made a payment on the day before the date of
the assignment, was an unwilling witness for the plaintiff.
He testified, among other things, that the payment in
question was made by a check which was not presented
to the bank on which it was drawn, and cashed, until the
29th day of May, but that he had no recollection and did
not know when it was dated or when it was delivered to
his firm.   But he was the bookkeeper of his firm, and his
ledger account book was produced and showed it to have
been received on May 28, more than three months after the
date of the assignment, and he testified generally that his
books were correctly kept.   But before this last incident
happened he was asked on direct examination if he had
not, within 25 minutes previously, stated to counsel for
plaintiff that the check was given on May 28.   The ques-
tion was objected to by the following language: "I object
to the question, now that it is allowed by the court, as
an improper question, as an attempt to entrap his witness
making a statement contrary to what he has already made,
and for the reason that it is leading, and that no state-
ment or claim has been made by counsel, nor has any
foundation been laid, that will permit, authorize or justify
the asking of any such question of this witness, and for
the further reason that it is incompetent, irrelevant and
immaterial."   The objection was overruled, and the wit-
ness answered: "I think I made that statement to Mr.
Baldrige at the recess.   That is my recollection."   Lead-
ing, the question undoubtedly was, but the admission of
leading questions is largely within the discretion of the
trial court; the fact that they are such affecting only
the weight and credibility of the testimony elicited by
them.   We do not think that in this case the court abused
its discretion in this regard.   *St. Joseph & G. I. R. Co. v.
Hedges,* 44 Neb. 448; *City of Harvard v. Stiles,* 54 Neb. 26;
*Schmelling v. State,* 57 Neb. 562.   Was it relevant or ma-
terial that the witness stated out of court that he recol-

42

lected an alleged fact of which he professed, a few minutes
later, when on the witness stand, to have no recollection?
Incompetent, in connection with the answer given as af-
fecting the credibility of the witness, it certainly was not,
because it is incredible that his memory on the stand
would have been a blank concerning a fact that he recol-
lected and related a few minutes before. It was compe-
tent, as being such a question as is always treated as such
for the purpose of laying the foundation for an impeach-
ment; and such a question is not legally or technically,
although it may be strictly, irrelevant or immaterial. The
real reason for exclusion, if any, is that it is not such a
question as counsel for the plaintiff was entitled to ask
his own witness, although he would have had a right under
precisely the same circumstances to ask exactly the same
question of the same witness, if the latter had been pro-
duced and sworn at the instance of the defendant; but
that objection, or its equivalent, was not made, and so
was waived. But it is by no means certain that even
this objection would have been valid, if taken. As a
preliminary to the question, the witness was told by coun-
sel that its object was to refresh the recollection of the
former, and so undoubtedly the latter would have been
bound by the answer, that is, would not have been per-
mitted to dispute the witness had he denied the statement
referred to. The authorities do not appear to be quite
uniform as respects such a situation, but the weight of
them seems to be to the effect that in such circumstances
the question is, in the discretion of the trial court, admis-
sible for the purpose of eliciting the truth from a confused
or unwilling witness, and in the absence of abuse is not
reversible error. *People v. Payne*, 13 Mich. 474; *Dallas
C. E. Street R. Co. v. McAllister*, 41 Tex. Civ. App. 131,
90 S. W. 933; *Smith v. State*, 46 Tex. Cr. Rep. 267, 81 S.
W. 936; *State v. Cummins*, 76 Ia. 133; 30 Am. & Eng.
Ency. Law (2d ed.), 1130-1132, and notes.

We are satisfied that the defendant suffered no preju-
dice, and that the record is free from other error, and

recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.