BERNICE M. GRASS, APPELLANT, v. VALLEY FEED & GRAIN, A PARTNERSHIP, ET AL., APPELLEES.

149 N. W. 2d 355

Filed March 17, 1967. No. 36370.

Burbridge & Burbridge and Martin & Stirtz, for appellant.

James M. Knapp and Tye, Worlock, Tye & Jacobsen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and WEAVER, District Judge.

WEAVER, District Judge.

The plaintiff Bernice M. Grass commenced this action for damages against Valley Feed & Grain, a partnership consisting of Fred Reese, Jr., and the estate of Victor E. Touslee, deceased, as owners of the 1962 Kenworth truck involved in the collision herein. The truck driver, Francis L. McCallen, was named defendant because of his employment by the partnership. The only evidence in support of allegations of negligence or contributory negligence comes solely from plaintiff's witnesses for the reason that defendants called no witness bearing on this facet of the case. The jury returned a verdict in favor of plaintiff and against defendants. Plaintiff filed a motion for new trial. The motion was overruled and plaintiff has appealed.

The accident happened in Kearney, Buffalo County, Nebraska, at approximately 5:30 p.m. on April 17, 1963, at the junction of Twenty-fifth Street and Avenue L. The sun was shining and Twenty-fifth Street, which runs east and west, was paved and dry. In the area where the accident occurred, and for a number of blocks to the west, Twenty-fifth Street has two eastbound lanes each approximately 12 feet wide. Immediately to the north of these lanes is an 8-foot wide median or "island" which separates the two eastbound lanes from two similar westbound lanes.

Plaintiff was driving her 1958 Oldsmobile at 30 to 35 miles an hour in an easterly direction in the eastbound lane next to the island and intended to turn left at the intersection of Twenty-fifth Street and Avenue L. Avenue L runs north and south, it is 36 feet wide, and the portion located north of Twenty-fifth Street is graveled. Avenue L does not extend south of Twenty-fifth Street at this point.

The truck operated by defendant McCallen was following plaintiff at an undetermined distance. James Fowler observed the blinker on plaintiff's car signaling for a left turn. Plaintiff stopped before completing her left turn and the truck struck the rear of plaintiff's car. The truck traveled 5 feet after impact and plaintiff's car was propelled 29 feet to the northeast.

The island on the west side of the intersection is 15 feet west of the west curbline of Avenue L as extended. The debris from the accident was located 4 feet 9 inches south of the south curbline of the island and 4 feet east of the east end of the island. The Oldsmobile was approximately 18 feet long. Plaintiff's eyewitness James Fowler described the location of plaintiff's car immediately before the accident as follows: "A The car was in the opening between the islands with the left front bumper approximately at the edge of the south lane on the north side of the island, and with the rear bumper protruding into the north lane on the south side of the island."

Plaintiff assigns as error the fact that the trial court submitted the issue of contributory negligence based on failure to keep a proper lookout; failure to give a signal to turn left as required by law; and in suddenly slowing or stopping her vehicle without giving a signal of intent to do so. Plaintiff testified that she looked in her rear-view mirror twice before turning and that she came to a gradual stop. She offered evidence that her turn signal was operating for more than 60 feet prior to her stopping. Defendant offered no evidence in rebuttal.

The record does not support the allegations of contributory negligence and it was error to submit such issue to the jury. Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652.

Plaintiff was a housewife not employed outside of the home and there is no evidence of loss of earnings or earning capacity. However, there was evidence that plaintiff was unable to perform certain household tasks.

Plaintiff alleges error of the trial court in failing to properly instruct on the question of damages, and more specifically that the instructions did not permit the jury to make any award for the disabling effect of the injury, past and prospective, or for the destruction or impairment of any physical function of the plaintiff. In this connection the following motion and ruling are pertinent:

By defendant's counsel: "Now comes the Defendants and move the Court to withdraw from this jury any question of future pain and suffering, of future disability, of loss of future earning power or claimed loss for future medical expenses on the part of the Plaintiff for the reason that the Plaintiff's evidence will not support any verdict for any of those items.

"The Court: The Court will remove from the consideration of the jury any questions of future medical expenses. The *rest will be submitted;* * * *." (Emphasis supplied.)

The court failed to submit the elements of past and prospective disability. These elements are recoverable under the general ad damnum clause. City of Harvard v. Stiles, 54 Neb. 26, 74 N. W. 399; Jacobsen v. Poland, 163 Neb. 590, 80 N. W. 2d 891. It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence whether requested to do so or not. Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643. The trial court erred in this respect.

Plaintiff makes other miscellaneous assignments of error but we do not deem it necessary to pass upon them for the reason that plaintiff is entitled to a new trial in

any event. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.